| 32 | 599 |
| 103 | 419 |

# RAVISIES AND WIFE *vs.* STODDART & CO.

[ACTION AGAINST HUSBAND AND WIFE FOR NECESSARIES FURNISHED FAMILY.]

1. *Liability of wife's separate estate for articles of comfort and supply of the household.*—The liability of the wife's separate estate, "for articles of comfort and support of the household," (Code, § 1987,) is limited to the property owned by her at the time the contract is made.

2. *Form of judgment against husband and wife.*—In an action against husband and wife, seeking to subject the wife's separate estate to the payment of "articles of comfort and support of the household," (Code, § 1987,) the judgment against the husband should be personal, to be enforced by execution ; but, as against the wife, the judgment must specify the property found subject to the plaintiff's demand, and order its sale by the sheriff. (STONE, J., *dissenting*.)

3. *Form and sufficiency of complaint.*—In such action, the complaint must aver the existence of a separate estate in the wife, both at the date of the contract, and at the commencement of the suit, and must describe it.

APPEAL from the Circuit Court of Mobile. Tried before the Hon. WM. S. MUDD.

The complaint in this case was as follows:

"Henry Stoddart & Co.   The plaintiffs claim of the
        vs.                defendants the sum of two
Paul F. Ravisies, and    hundred and eighteen 21-100
   Virginia Ravisies.    dollars, due by promissory note
made by them on the 23d April, 1855, payable three months after date, to the order of the plaintiffs, with interest thereon. The plaintiffs claim, also, the sum of two hundred and eighteen 21-100 dollars, due by a promissory note made on the 23d April, 1855, in favor of said plaintiffs, due three months after date, which is unpaid; said note being signed by each of said defendants, and was given at its date, in payment for articles of comfort and support of the household of the said defendants, who were husband and wife; which said articles were suitable to the degree and condition in life of the family of the said defendants. And the plaintiffs say, that said defendants were intermarried before the Code of Alabama went into effect; and that the said wife now holds both real and personal property, as her separate estate, which was so held by her before said marriage, and at the time thereof. Wherefore said plaintiffs claim judgment against said husband and wife, and against said wife's separate estate."

The judgment is in these words:

"Henry Stoddart & Co.    This day came the parties,
        vs.                by their attorneys, and the
Paul F. Ravisies, and    defendants withdrew their
Virginia Ravisies, his wife. plea; and they saying nothing in bar of the plaintiffs' action, it is considered by the court, that the plaintiffs have and recover of the defendants the sum of two hundred and forty-eight 76-100 dollars, the damages due by the promissory note declared on, together with their costs in this behalf expended."

The rendition of the judgment is now assigned as error, by both the defendants jointly, and by the wife separately.

GEO. N. STEWART, for the appellants.

WM. C. EASTON, *contra.*

WALKER, J.—Section 1987 of the Code is in the following words: "For all contracts for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law, the separate estate of the wife is liable; to be enforced by action at law, against the husband alone, or against the husband and wife jointly."

The question arises in this case, and was discussed by the counsel, what is the proper judgment in the action authorized by this section. It is certain that the judgment against the *feme covert* cannot be personal. The judgment as to her can, by authority of the statute, go no farther than to enforce the liability of her separate estate. The statute carefully confines the operation of the action, so far as the married woman is concerned, to the separate estate; and to extend its operation to the imposition of a personal liability upon her, would add to the precepts of a statute, which is an innovation upon pre-existing law, and in derogation of it.

Since the judgment is to be against the separate estate, it must either be general, condemning it, and directing the issue of an order to the sheriff to sell so much of the separate estate as may be necessary to satisfy the debt; or it must specifically describe the property composing the separate estate liable to the judgment, and direct a sale of the property so described. Reasoning drawn from the language and spirit of the statute, as well as from convenience and policy, induces us to decide, that the latter is the proper judgment.

In the exhibition of the reasoning which has controlled our decision upon this point, we in the outset announce the proposition, that to the class of contracts specified in section 1987, only such separate estate of the *feme covert* as she owns at the time of the contract is liable; and that no contract can be enforced against subsequently acquired

39

property. For all contracts for articles of the specified character, "the separate estate of the wife is liable." The law thus speaks in reference to the purchase of every article of the particular class its mandate, characterizing the purchase for this article, "the separate estate of the wife is liable." If the *feme covert* were competent to stipulate by contract, binding in a court of law, for the liability of her separate estate, and should, at the purchase of an article, agree with the seller in the words, "For the contract for this article my separate estate is liable," her contract would be precisely co-extensive with the command of the law, and equivalent to it. She would say by contract precisely what the law says, and would bind her separate estate precisely as the law binds it. Such a contract, all will agree, would operate only upon her existing separate estate. So the law must be understood as silently engrafting upon each contract a stipulation, that for it the separate estate of the wife *is* liable, and must be understood to embrace the existing, and not the subsequently acquired separate estate.

The theory which makes the separate estate existing at the date of the contract alone liable is supported by the analogy of the liability in equity of a married woman's separate estate to her contracts. In the proceeding in equity to subject the separate estate, only such estate as was had at the time of the contract could be reached; for the liability is based upon the expressed or presumed intention of the *feme covert* who could not charge herself personally, to charge the separate estate which she had. 2 Bright on H. & W. 517, 523; 2. Story's Equity, §§ 1398, 1400.

Section 1987 is a part of a system of laws, designed to benefit married women. That section certainly originated, in part, from the purpose which seems to pervade the entire system, of benefiting the married woman. But it doubtless has the farther object of doing justice to the creditor, who has supplied the articles of comfort and support for the wife and children. The two-fold object of the law was to enable the family to procure on the faith of the separate estate, and on the faith of a conven-

ïent and cheap remedy against it, articles necessary for the support and comfort of the household, and at the same time to secure a just and merited compensation to him who has supplied such articles to the family of a thriftless man. The law cannot be supposed to have contemplated the acquirement of necessaries on the credit of such separate estate as might afterwards come to the wife, nor the sale of them in reference to the liability of any subsequent estate. The purchase cannot be supposed to have been made on the credit, nor the sale on the faith, of any other than the existing separate estate. An analysis of the spirit and object of the law, therefore, gives support to the proposition, that only the separate estate of a married woman had at the time of the contract is liable for it.

As the question is now for the first time under consideration, and is an important one, we will endeavor, at the hazard of tediousness, to still farther fortify the position taken. The liability of the separate estate prescribed by section 1987 is "to be enforced by the action at law" therein authorized. When a personal judgment for money is rendered, the property of the defendant then had or subsequently acquired is liable to the judgment; but the liability is not *enforced* by the action which results in the judgment. The liability of the property is *enforced*, not by the *action*, but by the *execution* in the hands of the sheriff, issued upon the judgment. The liability of the defendant's estate, instead of being enforced by the action, is often a matter of posterior litigation. Under section 1987, the liability of the separate estate is not to be enforced, as in cases of judgments operating *personaliter*, by an execution in the sheriff's hands, but "by the action," through the judgment of the court rendered in that action. It would be absurd to say, that the liability of a married woman's property, which she did not have at the time of the action, and which was acquired years afterwards, was enforced in that action. It is impossible to understand the legislature to have contemplated the enforcement by the action of the liability of the married woman's subsequent acquisitions. From this it is an obvious deduction,

that the statute does not attach to the class of contracts specified in it a general liability, like that which attaches to contracts of persons *sui juris*, reaching all the estate which she may have at any time until the debt is discharged. The liability is not, in the case now before us, one upon the separate estate present and prospective, but is confined to the existing separate estate.

A married woman's separate estate is not liable for any articles, unless they are suitable to the degree and condition in life of the family. The amount of the fortune of the family is an element to be considered in determining its degree and condition, and, therefore, in determining whether the separate estate is chargeable with a given article. The separate estate may all be swept away by some disaster or reverse of fortune, and thereby the degree and condition of the family may be so changed, that an article which formerly would have been suitable, may have become totally unsuitable to the degree and condition of the family. If a married woman's subsequent acquisitions are liable under section 1987, it might happen that, after a splendid estate had been lost, and an extremely meagre one acquired, the latter might be charged with a debt for an article totally unsuitable to the degree and condition in life of the family in their changed condition. This reason, added to those already given, fully justifies our position, that each contract is a charge only on the separate estate existing at its date.

From the proposition that the separate estate is liable as it existed at the date of the contract, it is a necessary sequence, that the judgment must specify the property made liable by the action. If the judgment should, in general terms, declare liable, and order the sale of, such separate estate as the married woman had at the date of the contract, the sheriff would be called upon to exercise unusual powers judicial in their nature. Suppose the suit should be upon an account consisting of many items, it might be that a portion of the separate estate would be liable for some of the items of the account, and not for the other items. This might result from additions to the separate estate, made while the account was accruing. In

such a case, if the judgment did not specify the property liable to the different portions of the account, the sheriff would necessarily be called upon to discharge a portion of the duty of the court, in ascertaining the particular amount to which the distinct portions of the property would be liable.

The effect of not ascertaining by the judgment the specific property to be sold, would be to subject to a second trial the question of the existence of a separate estate, upon which fact the maintenance of the action depends. The court might decide, in general terms, that there was a separate estate; and the sheriff, inquiring for the property composing the separate estate, might ascertain that in fact there was really no such property. The judgment would thus be practically abrogated, by an opposite finding as to the existence of the fundamental fact, which authorized its rendition.

A bill in chancery for the sale of a married woman's separate estate affords, perhaps, as close an analogy to this proceeding as is to be found in the law. In that proceeding, the liability of the separate estate is enforced by a decree, ordering the sale of specified property. The analogy to that proceeding will be observed in the judgment, which, we decide, is the proper one in this case.

In addition to the reasons already given, we are convinced, that a judgment, specifying the property to be sold, will be found much more practical and convenient in its execution, much more expeditious in the settlement of the controversy, and will be attended by much less consequential litigation, and at the same time will better comport with the certainty and conclusiveness which should characterize judgments. And besides all this, such a course commends itself to favor in this, that it does not enable the creditor to shift from himself to the ministerial officer the burden of ascertaining in a proper manner *what particular articles* of the property of the married woman are liable to sale under the creditor's judgment. That burden is cast upon the creditor, by the explicit declaration that the liability against the separate estate is

to be *enforced by action at law*—that is, as we understand it, by *the proceedings in the action* had before any execution goes to the hands of the ministerial officer. We cannot assent to a construction which relieves the creditor from that burden, and casts it upon a ministerial officer, who has no adequate means for settling the question, and upon whom the law has not cast it.—Henry v. Hickman, 22 Ala. 685.

If it be objected, that the sheriff, in executing the order of sale, may come in conflict with claims of third persons, adverse to those of the *feme covert*, the reply is, that a similar order is rendered by the chancery court in its decree for the sale of a married woman's separate estate, and by the circuit court for the delivery of the property in controversy in an action of detinue, and in many other proceedings known to the law. The same objection might as well be made in all those cases as in this.

We find no difficulty in the fact, that the judgment may condemn distinct articles of the separate estate to the payment of different parts of the account. If the court does not settle that matter, the sheriff would have it to do; and we cannot perceive how shifting the burden of ascertaining what separate estate was had at the date of the different items in a continuous account from the court to the sheriff, to become the cause for a multiplication of suits, could simplify the proceedings, or in any way be vindicated upon principle.

From our decision as to the requisites of the judgment, it necessarily follows, that there must be corresponding averments in the complaint, of the existence of a separate estate at the date of the contract, and of its description. There must, also, be an averment that the separate estate existed at the commencement of the suit.

A judgment personal for the debt must be rendered against the husband; but the judgment against him must be limited to the amount due for the articles of comfort and support of the household, for the statute does not authorize a judgment for any other, and as to any other articles there would be a complete misjoinder of parties defendant.

Ravisies and Wife v. Stoddart & Co.

The frequency of litigation under the section of the Code which we are now construing, the obscurity of its meaning, the various and opposite views which are taken and may continue to be taken of its provisions, the want of any exact precedent in the law for the practice under it, and the necessity of procuring uniformity of practice under it, induce us to subjoin the following, which we deem a proper form of judgment under the law:

A. B. *vs.* C. D. and E. D., his wife. } This day came the parties, by their attorneys; and thereupon came a jury of good and lawful men, to-wit, F. G. and eleven others, who, being elected, empaneled, and sworn, well and truly to try the issue joined, upon their oaths do say, 'we, the jury, find the issue in favor of the plaintiff, and we assess the plaintiff's debt and interest at the sum of —— dollars; and we find the following separate estate of the said married woman, E. D., liable for the said sum of money, to-wit: (specifying it.) It is thereupon considered by the court, that the plaintiff have and recover of the said C. D. the said sum of money so as aforesaid assessed, and the costs of this suit, for which execution may issue against the said C. D.; and also, that the said property above described belongs to the separate estate of the said E. D., and is liable to satisfy the said sum of money so as aforesaid assessed, and the costs of this suit; and that an order issue requiring the sheriff to sell so much of the said property as may be necessary to satisfy the said sum of money and costs; and that a payment of one of the judgments herein rendered shall be a payment also of the other.

The judgment of the court below is reversed, and the cause remanded.

STONE, J.—I agree with the majority of the court in holding, that section 1987 of the Code imposes no personal liability on the wife; and that only such separate estate as she owned at the time of the contract, is chargeable with the liquidation of such contract.

From so much of the opinion as declares that, in cases

like the present, the judgment shall order a sale of *specific property* for its payment, I dissent. When it is asserted that the judgment must "specify the property made liable by the action," I understand the meaning to be that certain property is to be designated, described, set apart, for the payment of the judgment; and that, so far as the separate estate is concerned, the execution is to be nothing more than an order to the sheriff to sell specific property. I object to this conclusion, because—

1. I find nothing in the statute to warrant it.

2. This construction will engraft on courts of common law, which generally render only plain and absolute judgments for one party or the other, the powers of a court of chancery, which tempers its relief to the exigencies of the case.

3. Under the principles declared by my brothers, serious and embarrassing questions may arise on the doctrine of liens and priorities, and an unhealthy race for precedence be encouraged, in cases of doubtful solvency. Suppose, while a suit is pending to recover for "articles of comfort and support of the household," under section 1987 of the Code, the husband and wife, for good and sufficient reasons, wish to dispose of a part of her property under section 1984 of the Code. Many reasons and exigencies may arise which would render it desirable, and even necessary, that such sale should be made. Can it have been the intention of the legislature, that a single suit pending, which specifies all her property, shall, under the doctrine of *lis pendens*, cast an incumbrance upon the entire estate, and thus, either forbid a sale altogether, or compel her to sacrifice her property, by reason of this cloud on her title? It is not at all improbable, in cases where the husband is improvident, that there will at all times, at least for many years, be more or less suits pending under section 1987. Should not results such as these be looked to, in inaugurating a system for which there is no express warrant in the statute?

4. My brothers, in their opinion, think the judgment which they concur in adopting is necessary as a protection to the sheriff who is charged with the execution of the

process. I think a judgment and execution which command the sheriff to levy and make the amount of the judgment out of the separate estate of the wife, which she owned at a particular time, (the time when the debt was contracted,) specifying it, would be direction enough for the sheriff. Diligence on his part will guide him quite as unerringly, as in other cases of money judgments. It is a matter of every day occurrence, that doubts arise on the question whether particular property is subject to a particular execution. The sheriff levies or not, as he is satisfied from the best lights before him that the property is or is not subject to the execution. The law affords ample protection to him, and to all parties interested.

Again : In a suit based on section 1987 of the Code, only the plaintiff and the debtor husband and his wife can be parties to the issue. Suppose the complaint specify property which the wife claims as her separate estate, but to which there is an adversary claim, paramount to hers. The defendants, claiming the property as of the wife's separate estate, will, of course, raise no question on her title. The judgment and execution, under the opinion of my brothers, will command the sheriff to sell this specific property, in satisfaction of the judgment. If he do not proceed and sell the property, he is liable to the plaintiffs. If he seize the property, a stranger who has had no day in court, who could not be heard on the trial, is dispossessed of his property, and has no recourse against the sheriff, because he, the sheriff, only obeyed the mandate of the law.

The case supposed by my brothers, of a married woman who owns two separate estates, acquired at different times, could not, I think, possibly arise in the form which they anticipate. There could not, I apprehend, in one and the same suit, be two distinct judgments against distinct separate estates of the wife. This would evidently be a misjoinder of causes of action. The judgment must be one and indivisible. To hold otherwise, would be to submit to a jury, at one and the same time, two separate issues against two separate estates. This, too, when the increase of the estate, caused by the second acquisition of

property, would probably introduce a new and different standard for determining what would be "suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law." I am satisfied that only one separate estate, one class of property of a married woman, can be reached in one action.

I cannot think that the legislature, by section 1987 of the Code, intended to give to creditors a specific lien on the separate estate of the wife. All they intended was to declare a *liability*, to be enforced by action at law. I think the judgment should go no farther than I have above indicated—namely, to declare that the separate estate, (without specifying particular articles,) owned by the wife, and owned by her at a time to be specified in the judgment, (the time when the liability was incurred,) is liable for its payment. This will relieve the courts of all embarrassing questions about liens. Placing execution on such judgment in the hands of the sheriff of the county in which the property is situated, as in other cases of execution, operates a lien on all the property in the county, which is, under the law, liable for the satisfaction of the judgment. I think the liability of the property under this statute is strikingly like that considered and settled in the case of Carew v. Love's Adm'r, 30 Ala. 577.

The words, in section 1987, "to be enforced by action at law," were employed simply to designate the *forum*, as contradistinguished from courts of equity, which, before our statutes, had exclusive jurisdiction to enforce charges against separate estates of married women.