[Haney, pro ami, v. Lundie et al.]

## Haney, *pro ami, v.* Lundie *et al.*

*Taxation of Costs against Statutory Estate of Married Woman.*

1. *Statutory estate of married woman ; when may be subjected to costs of suit.* The statutory separate estate of a married woman, brought within the jurisdiction of the Chancery Court, by her institution of a suit with respect to it, may be subjected. on execution against it, for the costs of suit, after fruitless execution therefor against the next friend; and although she may appeal to the Supreme Court, without giving security for costs, such part of her statutory estate will be liable for the satisfaction of the costs here, if the appeal be decided adversely to her.

2. *Same.*—The execution in such a case must be satisfied out of the statutory estate within the jurisdiction of the court, and can not run against the married woman personally, or her goods, chattels, or estate generally.

APPEAL from Dallas Chancery Court.

Heard before Hon. CHARLES TURNER.

The appellant, Florence V. Haney, by her next friend, filed this bill against her husband, and one B. M. Lundie and his wife. Appellant was a married woman, possessed of a statutory estate, consisting of certain lands in the city of Selma. Lundie also owned a house and lot in the same city. After some negotiations between Lundie and appellant's husband, it was agreed between Lundie and appellant and her husband, to exchange lands, Haney giving $500 in county claims in addition to Mrs. Haney's lot, for that of Lundie. In pursuance of the agreement, the parties mutually executed conveyances and put each other in possession of the property so exchanged, Lundie conveying to appellant in terms which constituted the lot her statutory estate. Appellant sought by her bill to annul and rescind the contract, and to have a reconveyance, etc., on the ground of alleged misrepresentations by Lundie to her husband, as to the healthfulness, rental value, and state of the title of the lot he exchanged with appellant; and offered to reconvey to him the lot received in the exchange, which she still held. Much testimony was taken. Lundie flatly denied the making of the representations, and Haney, the person to whom it was alleged the representations were made, and who alone testified they were made, was impeached. The chancellor, on the final hearing, on bill, answers, and testimony, dismissed the bill, and ordered that the costs be taxed against appellant's next friend, and that execution issue against him therefor.

Afterwards, and without any notice to, or appearance on

[Haney, pro ami, v. Lundie et al.]

the part of appellees, the register filed his petition in court, showing that, although the next friend was good for the costs when he became such, he afterwards became insolvent and costs could not be collected out of him, and that the execution issued against him for costs had been returned "no property;" wherefore the register prayed that the costs be re-taxed, and that the court "make an order by which the property of complainant, as set forth in the pleadings, be made liable for the costs of suit, and that execution may issue therefor to be levied on said property." The chancellor made an order, reciting that it appeared to the court, that the facts stated in the petition were true, and "that said suit was instituted by a married woman, in a matter touching the title to her statutory separate estate, and that she is now possessed of an estate in her own right," wherefore he ordered and decreed, that "she do pay the costs therein taxed, and that execution therefor issue against her, to be levied on the goods and chattels, lands and tenements of her estate."

The appellant made the statutory affidavit, and brought the case here by appeal, without giving security for costs.

The decree dismissing the bill, and the order of the chancellor with reference to costs, are now assigned as error.

REID & MAY, for appellant.—The object of having a next friend, is that he may pay costs, if the proceeding is not well founded.—1 Daniel Chancery Prac. 144; also, page 146. There is no case in which a personal decree can be rendered against a *femme covert.*—1 Maddox Chancery, 473. The statutory estate is liable only to the extent to which the statute creating it subjects the property. The law of costs should be construed most strictly against the officer, and if there be doubt, it should be decided against him.

PETTUS & DAWSON, [contra, contended that the decree on the merits was undoubtedly right, and that appellees were not concerned in the contest between the register and the appellant, as to taxation of costs after the fruitless execution against the next friend, and therefore moved to strike out the assignment of error with reference to that matter.

MANNING, J.—Admitting all the evidence which appellant's counsel insist was admissible in her favor, and to which the assignments of error relate, yet we are compelled to the conclusion that she was not entitled to the relief prayed for, and that there was no error in the decree of the chancellor denying it. No good could arise from reproducing in this opinion the substance of the voluminous testimony, in the

cause, for the purpose of showing that it authorized the decree ; it is sufficient to say that no impartial mind could, through this evidence, reach a different conclusion. That decree is therefore affirmed.

Dismissing the bill, which was filed by appellant through Jno. Hardy as her next friend, the chancellor ordered that the costs be taxed against the latter; which was evidently proper. And after a return of the writ of execution therefor against him, "no property found," B. H. Craig, the register of the court, to whom a large portion of the fees were due, by petition prayed the court to make an order "by which the property of the complainant, as set forth in the pleadings in said cause, may be made liable for the costs, and that execution may issue therefor, to be levied upon said property." This property was of the statutory separate estate of appellant.

Notice of the petition having been served, and a defense made on behalf of appellant, the chancellor " ordered, adjudged and decreed that she do pay the costs herein taxed, and that execution therefor issue against her, to be levied of the goods and chattels, lands and tenements of her estate." And this decree is assigned as error.

On the part of appellant, it is contended that a married woman is never liable to a decree for costs; that only her next friend is, in any case, answerable for them ; and that this is the reason why the rules of court require that she should sue by next friend. In this, her counsel are not sustained by the authorities. Referring to several decided cases on the subject, a writer of the highest character on pleading and practice in courts of chancery, says : " Upon filing a bill in chancery, either by her next friend, or *in forma pauperis*, a married woman, in respect of the suit, is held to have taken upon herself the liabilities of a *feme sole*, and therefore may be attached ; and her separte estate becomes liable to pay the costs incurred.—1 Dan. Ch. Pl. and Pr. (4th Ed.) 113. And although, in general, it is only the separate estate which the married woman has at the time of the transaction in respect of which, it is sought to charge her with a liability, that a court of equity will subject to the satisfaction of it; " where the court thought a married woman defendant ought to pay certain costs, and it did not appear she had a separate estate, the court gave the plaintiff liberty to apply for payment of those costs in case of any moneys becoming payable to her separate use."—*Ib.* 187. These rulings, of course, relate to a married woman's equitable separate estate. Is or is not the separate estate which is secured to her as such by our statutes, also liable? The question is not free from difficulty.

[Haney, pro ami, v. Lundie et al.]

It has been settled by repeated adjudications of this court that the property of such estate cannot be alienated by deed, or conveyed away except by husband and wife jointly, as authorized by section 2373 of the Revised Code; and the statute does not expressly subject it to the payment of any other debt created by the contract of either, except "for articles of comfort and support of the household, suitable to the degree and condition in life of the family."—§ 2376. Treating these sections as parts of an enabling statute, it has, consequently, been held that debts created for other purposes, even by contracts of the husband made with individuals for the improvement of the wife's property, could not be charged upon, or satisfaction thereof be coerced from, such property. Is this true, also, of the court costs created in a suit brought by or against a wife, for the assertion or defense of her rights, or supposed rights, in respect to property of her separate estate?

By another section (2525) of the Revised Code, relating to civil actions in courts of common law, it was enacted that, "Husband and wife must be joined either as plaintiffs or defendants, when the wife has an interest in the subject matter of the suit, unless the suit relate to her separate estate, when she must sue or be sued alone." The separate estate here referred to is held to be her statutory separate estate. And by rule 15th of the chancery practice, in the form in which it existed until this year, "all bills and petitions filed by married women, without their husbands, whether relating to their separate estates or not, must be exhibited by next friend."

These were express provisions made by statute, or authority conferred by statute. Did they not, in effect, enable the wife, by bringing such suits, to subject the property in respect of which they are brought to payment of court costs therein? If they did not, then either the officers of court would not get for their services the fees which the law says they shall be entitled to have, or they must be paid by somebody else. There is no one else against whom the costs she creates can be taxed; when she sues alone, and when she sues without her husband, in equity, although she has a next friend, her *prochein ami*, to be responsible, she is required to get him to be her sponsor for them, only because no judgment therefor can be rendered against her personally. But, as we have seen, if she has a separate estate, and it is established in that cause, that she has, and of what such separate estate consists, the court may subject it to the payment of the costs taxable against her. This seems to us to be legal, as well as just, and to be as applicable in a case like the present as in any other. Although no judgment can be ren-

dered against her personally, yet when her separate property is brought within the jurisdiction of the court in a cause, it can be subjected to the payment of proper charges therein. We are of the opinion, therefore, that the costs in this cause were chargeable upon the property shown to belong to her, as her statutory separate estate in the present cause.

But the decree of the chancellor is against appellant personally to be levied of the goods and chattels of her estate generally—that is, of any property that may belong to her, without specifying any as chargeable with the costs. In this the chancellor erred. And the decree must be here so amended as to charge the costs upon, and authorize execution therefor to issue against, the lots and house conveyed to appellant by the deed of B. M. Lundie and wife to her of the 28th day of September, 1871, and described as such in the bill of complaint.

The appellees in this court had nothing to do with the proceeding in which the decree of the chancellor here referred to was rendered. And appellant was allowed, according to a statute on the subject, to bring the cause before this court for revision, without being required to furnish security for the payment of the costs. The costs of the appeal in this court, therefore, must be taxed against appellant, and be charged upon, and the execution therefor issue against, the same property last above specified.