# Cauly *v.* Blue.

*Real Action in Nature of Ejectment.*

1. *Ejectment; what necessary to maintain.*—A purchaser of lands at a sheriff's sale, cannot maintain ejectment, unless he shows a valid judgment supporting the execution ; and no such judgment can operate as authority to sell unless it proceeds from a court having competent jurisdiction, not only as to the subject matter, but also of the person whose estate it is the purpose of the sale to divest.

2. *Statutory separate estate of wife ; mode of enforcing liability of, for necessaries.*—The liability of the statutory estate of the wife for necessaries, is the creature of statutes, which provide not only its extent, but the mode of its enforcement, and they authorize a sale of the wife's estate only after personal notice to the wife, as provided in the statute.

3. *Same ; jurisdiction to order sale of ; how acquired.*—The jurisdiction of the court to order such sale, though the proceeding has many of the characteristics of a proceeding *in rem*, is acquired by personal notice to the wife, and not by the seizure of her estate ; and a levy of attachment on her estate is not notice to her, either actual or constructive, in the mode provided by statute.

4. *Same ; what judgment does not authorize sale of.*—A judgment rendered by default, without personal notice to the wife, on a levy of an attachment on her statutory estate, is void as to her, so far as it condemns her statutory estate, and a purchaser at the sale under it acquires no title, and cannot maintain ejectment.

APPEAL from Coffee Circuit Court.

Tried before Hon. HENRY D. CLAYTON.

This was a real action under the Code, brought by the appellee, J. P. Blue, against the appellant, Thomas Cauly, to recover certain lands. The appellee claimed title by virtue of a sheriff's deed to the premises, and to support this deed he offered in evidence a judgment rendered in his favor in a suit against Robert J. and Delila Blair. This suit was commenced by attachment, which was levied on the lands in question as the statutory separate estate of Delila Blair. The judgment entry recites, that " it appearing to the court that due and legal notice of the issuing of said attachment has been given the defendant, this day came the plaintiff, by his attorney, and the defendants being called, came not, but

made default;" and the jury, having found that the statutory separate estate of said Delila was liable for the debt sued for, a judgment was rendered for the amount claimed, and an order made to sell the· lands in controversy as her statutory separate estate. At the sale, under this judgment, the appellee became the purchaser.

The appellant objected to the introduction of this judgment in evidence, on the grounds : 1st. Because the proceedings on their face show that Delila Blair was a married woman, and the lands sued for was a part of her statutory separate estate. 2d. Because said proceedings showed on their face that it was a proceeding by an attachment against the separate statutory estate of a married woman. 3d. Because the proceedings fail to show that Delila Blair had any notice as required by law to subject the statutory separate estate of a married woman. 4th. Because the proceedings show upon their face that they are void so far as the separate statutory estate of Delila Blair was concerned.

The court overruled these objections, and allowed the judgment to be read to the jury. The ruling is now assigned as error.

W. D. ROBERTS, for appellant.

J. E. P. FLOURNOY, contra.

BRICKELL, C. J.—A purchaser of lands at a sale by a sheriff, to maintain an action of ejectment, must show the judgment on which the execution issued, under which the sale was made. It is the foundation of the authority of the sheriff to sell, without which his deed is of no more force than that of a stranger having no estate in the premises. *Lewis v. Gognette*, 3 St. & Port. 184. The judgment cannot operate as authority to the sheriff to sell, unless it proceeds from a court of competent jurisdiction—jurisdiction not only of the subject matter, power to render the particular judgment, but jurisdiction also of the person against whom the judgment is rendered and whose estate it is the purpose of the sale to divest.— *Webster v. Reid*, 11 How. 437. In courts of law, under our statutes, jurisdiction of the person is acquired by personal notice, actual or constructive, or an attachment issuing against and levied on the estate or effects of the defendant. An attachment is a statutory remedy, extraordinary in its character, in derogation of the common law, and a judgment founded on its levy is void, if it appears to have been issued by an officer not having authority to

issue it.—*Stevenson v. O'Hara*, 27 Ala. 362 ; *Matthews v. Sands*, 29 Ala. 136.

The judgment, on which the plaintiff in the Circuit Court relied to support his title, was rendered against a married woman, condemning her statutory separate estate to sale, in a suit commenced by attachment levied on the estate. The question is, whether the judgment is void or merely voidable. Mere irregularities, mere errors in its rendition, which would be ground of reversal in an appellate tribunal, will not affect the validity of the sale by the sheriff. The judgment must be void ; it must be apparent on its face, that the court was without jurisdiction to render it, or the title of the purchaser will not be vitiated. The judgment is not against the person of the wife—it is a judgment condemning her statutory separate estate to sale, and has more of the qualities and characteristics of a judgment *in rem*, than of a judgment *in personam.*—*Ravisies v. Stoddart*, 32 Ala. 599. The jurisdiction of a court of common law, to render such a judgment, is statutory ; it is not inherent in the court, and is not derived from the common law.

The statute which is supposed to confer the jurisdiction, is that which subjects the wife's statutory separate estate to liability for necessaries for the family. - Code of 1876, §§ 2711, 2712. The remedy which is to be pursued to establish judicially the liability of the estate, and to authorize its condemnation, is prescribed by the statute—a suit against husband and wife jointly, or a suit against the husband alone, prosecuted to judgment and return of execution *no property found*, and a motion to the court for an order of sale, of which the wife must have notice. Personal notice to the wife, and nothing less, will satisfy the requirements of the statute. The notice may be actual, or constructive, if she resides in the State ; it must be by service of process ; and if she resides without the State, it may be given her by advertisement in the mode directed by the statute. But personal notice, whether given in the one mode or the other, is an indispensable element of the jurisdiction of the court to pronounce the judgment of condemnation against her statutory separate estate. As we have said, the judgment in its qualities and characteristics, is rather *in rem* than *in personam ;* but jurisdiction to render it is acquired not by a seizure of the *res*, but by personal notice to the wife. It would not be consistent with the terms of the statute which creates the estate, define its incidents, and declare its liabilities, to permit a seizure of the estate to take the place of personal notice to the wife. While the title to the estate by the declaration of the statute, remains in her, and cannot be

divested by any act of the husband, or of husband and wife jointly, except by sale and conveyance they are enabled to make, the husband has the possession, management and control of it.—Code of 1876, § 2706. It could be seized by judicial process, without the knowledge of the wife; and if that seizure would authorize a judgment condemning it to sale, her title could be divested by a judicial proceeding of which she had no notice—of which, there could be no just ground to impute to her constructive notice. The seizure would not disturb her possession, or displace her control and management of the estate. It would operate only on the possession of the husband, and in justice could be notice to him only.

The uniform construction which this statute has received, is, that the estate of the wife can be subjected to sale only by a pursuit of the remedy it provides. The jurisdiction it confers on the court, as to the estate of the wife, is special and limited.—*Rodgers v. Brazeale*, 34 Ala. 512; *Carter v. Wann*, 45 Ala. 343; *O'Connor v. Chamberlain*, 57 Ala. 157. The action of the court in the exercise of this jurisdiction, cannot be supported, even when its validity arises collaterally, unless it affirmatively appears the essential requirements of the statute have been observed.—*Foster v. Glagner*, 27 Ala. 391; *Gunn v. Howell, ib.* 663.

In *Wright & Wife v. Snedecor*, 46 Ala. 92, the court passed as unnecessary for a decision of the cause, the question, whether an attachment would lie to enforce the demands chargeable under the statute on the wife's statutory separate estate. The question is now directly presented, and a decision is necessary to the determination of the right and title the appellee acquired by his purchase at the sale by the sheriff. Unless otherwise expressly provided, an attachment is a remedy for the enforcement of personal contracts and liabilities, not mere charges or liens on property, whether created by contract or by law. There is no contract binding the wife personally—no debt due from her. There is simply a charge on her statutory estate created by law; and there is no authority for the levy or seizure of the estate until the charge has been declared in amount and extent, and the estate subject to it, ascertained by the judgment of a court of competent jurisdiction, in a proceeding of which the wife must have notice. The levy of the attachment on her estate, and its issue against her personally, are not warranted by law, and are absolutely void.

It appearing from the record of the judgment, that it was rendered by default, without personal notice to the wife, on a levy of an attachment on her statutory estate, the judgment is void as to her, so far as it condemns her estate, and

the objections to its introduction in evidence ought to have been sustained.

For the error in overruling these objections, the judgment is reversed and the cause is remanded.