# Lee and Wife *v.* Ryall.

*Action against Husband and Wife, commenced by Attachment, to Subject Wife's Statutory Separate Estate to the Payment of Articles of Comfort and Support of the Household.*

1. *Statutory separate estate of the wife ; judgment against.*—A judgment condemning the statutory separate estate of the wife to the satisfaction of a claim for articles of comfort and support of the household, must specify the property. A general judgment, or a judgment which pretermits the ascertainment of the estate of the wife condemned to its satisfaction can not be rendered.

2. *Same.*—In such case there can be no personal judgment against the wife. The only judgment which can be rendered is a judgment *in rem*, condemning the statutory separate estate described in the complaint.

3. *Same ; jurisdiction can not be acquired by attachment.*—Jurisdiction to render judgment condemning the statutory separate estate of the wife to the satisfaction of a claim for articles of comfort and support of the household, can not be acquired by attachment.

[Lee and Wife v. Ryall.]

4. *Garnishment; judgment against garnishee; what necessary to support.*—To support a judgment against a garnishee, there must be a personal judgment against his creditor; and that judgment must precede or attend the judgment against the garnishee.

APPEAL from Marengo Circuit Court.

Tried before Hon. LUTHER R. SMITH.

This suit was commenced by attachment by the appellee against the appellants, they being non-residents of the State, and was levied by service of a writ of garnishment on W. W. Dugger, as their debtor.   The complaint, as originally filed, contained only the common counts, one declaring on an account stated, one on account for goods, wares and merchandise sold, and another on account for money loaned and advanced.   Subsequently an amendment was allowed and filed, by which the appellee sought to condemn certain moneys in the hands of the garnishee belonging to Mrs. Lee, as her statutory separate estate, to the payment of an alleged claim for goods, wares and merchandise sold by him to the defendants, which are averred to have been articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law.   On 15th May, 1878, the main cause was tried, and resulted in a verdict for the appellee, assessing his damages at $224.75, and finding " the following separate estate of said married woman, Elnora Lee, liable for said sum of money, to-wit: the money in the hands of the said W. W. Dugger," the garnishee; and on this verdict a judgment was rendered against the husband, W. A. Lee, for the amount thereof and .condemning the money in the hands of the garnishee to its satisfaction.   The amount of this money is not ascertained either by the verdict of the jury, or by the judgment of the court.   On 22d May, 1878, the garnishee answered, showing in his hands belonging to the wife, as her statutory separate estate, the sum of one hundred and thirty dollars; and on 24th May, 1878, he was ordered to make further answer in open court at the next term, and the cause was continued.   At the Fall Term, 1878, the garnishee answered in open court, showing, in substance, the same facts as were shown by his former answer; and thereupon judgment was rendered against him in favor of the appellee for the sum of $145.03, the amount shown by his answer, and the interest thereon.

Separate appeals were taken by Mrs. Lee, and by the garnishee; and they here assign as error the judgment condemning her statutory separate estate to the payment of the judgment rendered against the husband, and the judgment against the garnishee.

[Davidson v. State ex rel. Woodruff.]

W. W. Dugger, for appellant.

Geo. G. Lyon, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—1.  A judgment condemning the statutory separate estate of the wife to the satisfaction of a claim for articles of comfort and support of the household, must specify the property.  A general judgment, or a judgment which pretermits the ascertainment of the estate of the wife condemned to its satisfaction, can not be rendered.  *Ravisies v. Stoddart*, 32 Ala. 599.  The present judgment does not ascertain the amount of the fund in the hands of the garnishee, which is declared liable to its satisfaction.  Whether it equals or exceeds the amount of the judgment is unascertained.  Nor had its amount been ascertained, for there is a continuance of the cause, and an order that Dugger answer further in open court.

2.  To support a judgment against a garnishee, there must be a personal judgment against his creditor, and that judgment must precede or attend the judgment against the garnishee.  There can be no personal judgment against the wife ; the only judgment which can be rendered, is a judgment *in rem*, a judgment of condemnation of the statutory estate described in the complaint.  Jurisdiction to render this judgment is not acquired, and can not be acquired by a seizure of the *res* by attachment or otherwise.  *Cauly v. Blue*, 62 Ala. 77 ; *McMullen v. Lockhard*, 64 Ala. 66.  In this view, in this proceeding there can be no judgment against the statutory separate estate of the wife.

Reversed and remanded.