# Worthy, *for use, &c. v.* Guilmartin.

*Motion to Tax and Charge Costs against Lands belonging to Statutory Estate of Married Woman.*

　　1.　*Costs as charge on statutory estate of married woman.*—A married woman suing alone, for property belonging to her statutory estate (Code, § 2892), is liable for costs, and an execution against her may be levied on her property; but, if she succeeds in the suit, and an execution for costs against the defendant is returned no property found, a court of law has no power, on motion, to render judgment condemning her lands, recovered in the suit, to the payment of the costs.

　　APPEAL from the Circuit Court of Pike county.
　　Tried before the Hon. JNO. P. HUBBARD.
　　This was a motion to tax and charge certain houses and lots recovered by appellee, in two suits in the Circuit Court of Pike county, with the costs incurred by her in recovering said property, execution having been issued against the defendants in said suits, which had been returned no property found.

　　P. O. HARPER, for appellant.

　　GARDNER & WILEY, *contra.*

　　SOMERVILLE, J.—The Circuit Court did not err in refusing to grant appellant's motion asking an order to condemn the lands for the payment of the costs. These costs, it is true, were incurred by the appellee, who was a married woman, in bringing certain suits in the Circuit Court for the recovery of lands which were a part of her statutory separate estate, and under the principle settled in the case

7

[Sears v. Kirksey.]

of *Askew v. Renfroe*, decided at the present term, it may be, that ·a personal execution, in the usual form, could have been issued against her, and these or other lands, or property, subject to execution, might have been sold under the process, just as if the appellee had been a *feme sole*. However this may be, a court of law had no power to render a judgment condemning the lands so as to specifically charge them for the payment of the costs. This power exists alone in a court of chancery, and it was on this ground that, in the case of *Askew v. Renfroe*, above cited, we distinguished the case of *Haney v. Lundie*, 58 Ala. 100, which is relied on by appellants' counsel in support of the views urged by him.

Judgment affirmed.