# Askew *et al. v.* Renfroe.

*Statutory Action in Nature of Ejectment.*

1. *Costs incurred by married woman; liability of statutory estate therefor.*—When a married woman sues alone, to recover property claimed as belonging to her statutory estate (Code, § 2892), she incurs a personal liability for the costs, if unsuccessful; and her statutory estate may be sold under an execution for the costs.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES E. COBB.

This was the statutory action for the recovery of land, brought by appellee, Mary Renfroe, against the appellants, Frances Askew, landlord, and H. J. Askew, *terre* tenant.

The defendants claimed title under a sheriff's deed, which was executed on a sale of the land sued for under several executions against plaintiff, who was a married woman, and which executions were for costs incurred by her in suits for the *corpus* of her statutory separate estate. The court gave the general charge in favor of the plaintiff, and the defendants excepted.

W. F. FOSTER, for appellants.

[Askew *et al.* v. Renfroe.]

R. H. ABERCROMBIE, J. A. BILBRO, and WATTS & SON, *contra.*
No personal judgment can be rendered against a married
woman, and a sale of lands belonging to a married woman,
under execution on a judgment rendered against her per-
sonally, can not convey title out of her. The sheriff's deed
under such sale is a nullity.—*Callen v. Rottenberry*, 76 Ala.
169 ; *Haygood v. Harris*, 10 *Ib.* 291 ; *Same v. Same*, 13 *Ib.* 65.
If a married woman's separate statutory estate can be sold
for the payment of costs of suit, it is only when the judg-
ment is *eo nomine* against such statutory estate.—*Hanie v.
Lundie*, 58 Ala. 100.

SOMERVILLE, J.—The title of the plaintiff to the lands
in controversy depends on the validity of the sheriff's sale
of the same lands made in February, 1884, under several
executions for costs issued against the plaintiff, who was a
married woman. These costs were incurred in suits brought
by the plaintiff, Mrs. Mary Renfroe, for the corpus of her
statutory separate estate. The question thus presented is,
whether an execution for costs can issue against a married
woman personally in suits brought by her in a court of law
touching the corpus of her separate estate under the statute,
and whether a sale of her property under such execution is
valid.

If the plaintiff had been *sui juris*, it is not denied that the
executions would have been fully authorized by the statute,
or that the judgments upon which they were issued would
not have been valid and regular.—Code, 1876, §§ 3128, 5014.
Nor is there any statute which expressly takes married
women out of the operation of the general rule allowing
plaintiffs to be taxed with costs of suit in certain cases.
The question is, whether we are authorized to except them
by implication because of coverture.

We have recently decided that property belonging to the
statutory separate estate of a married woman was not sub-
ject to levy and sale under an execution issued on a judg-
ment rendered against her, during coverture, in a court of
law, and founded on a personal contract which she was in-
competent to make.—*Callen v. Rottenberry*, 76 Ala. 169. The
contract in that case, upon which the judgment rested, was
one which the defendant had no power to make by reason
of her coverture, and the claim was not shown to be one of
that class for the satisfaction of which a married woman's
statutory separate estate is made liable by law. Where
the statute, however, expressly or by necessary implication,
confers on a married woman the power to incur a pecuniary
obligation, and clothes her with the attributes of a *feme sole*

as to such contract, a different rule has been held to prevail. In *Parker v. Roswald & Stoll*, 78 Ala. 526, we on this ground sustained a personal judgment against a married woman, whose disabilities of coverture had been removed so as to authorize her to incur the obligation upon which the particular suit had been brought. A like rule has been declared in other States.—*Willard v. Eastham*, 15 Gray, 328 ; *Patrick v. Littrell*, 36 Ohio St. 79.

Our statute provides that where a suit is brought by a married woman, in a court of law, for the *corpus* of her statutory separate estate, she must sue alone.—Code, 1876, § 2892; *Pickens v. Oliver*, 29 Ala. 528. Her husband is thus prohibited to be joined with her, at least in a court of law. The power to sue alone is conferred on her, and this, in our judgment, authorizes her to incur a personal liability for the costs which lawfully accrue in such suit relating to her statutory separate estate. This is a necessary inference, unless we conclude it was intended to give her the benefits of litigation without its burdens. The power to sue alone, without either her husband or a next friend, includes, by implication, the power to incur the incidental obligations cast by law on others who sue alone, and are taxed with the reasonable liabilities of suit. We have often said, that the married woman's laws of this State must be construed as far as possible to be a shield for those laboring under the disabilities of coverture, rather than a sword for the injury of others.

The case of *Haney v. Lundie*, 58 Ala. 100, is distinguishable from the present one. That was a suit in chancery, and the statute requiring married women to sue alone, when the suit relates to their statutory separate estate, has been held not to apply to suits in equity.—*Skinner v. Chapman*, 78 Ala. 376 ; *Sawyers v. Baker*, 72 Ala. 49. Courts of equity, moreover, have the power, as was done in that case, to condemn a litigant's property in suit to the satisfaction of costs, without taxing them against the party personally. The powers of a court of law are inadequate to do this.

We must hold, in this case, either that the legislature intended to authorize married women to enter the courts *ad libitum* without paying any costs, whatever their wealth or affluence, or else that, in cases like the present, they become personally liable like other litigant plaintiffs who are *sui juris*. We prefer the latter as the sounder view, and accordingly adopt it as the one probably intended by the law making power.

The ruling of the Circuit Court was opposed to this con-

clusion, and was erroneous. The judgment is accordingly reversed and the cause remanded.

