# Balkum *v.* Kellum.

*Statutory Action in nature of Ejectment.*

1. *Judgment for costs against married woman, or her statutory estate.* Where a married woman, suing by her next friend, files a bill in equity against her husband, seeking a divorce and his removal as trustee of her statutory estate, describing the property of which it consists; on the dismissal of her bill, a judgment against her and her next friend for the costs, "for which let execution issue, to be levied, if need be, on the said separate statutory estate of the complainant," is not void, though the personal judgment against her is erroneous, and the lands described in the bill are subject to levy and sale under execution issued on such decree or judgment.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This action brought by Mrs. Eliza Kellum, against James W. Balkum, to recover a tract of land particularly described in the complaint; and was commenced on the 24th January, 1887. It was admitted on the trial, as the bill of exceptions shows, that the lands sued for belonged to the plaintiff, "as her statutory separate estate, at and before the time of her marriage with Elijah Kellum, and before March 4th, 1878; and that said Elijah Kellum died, in said county, on the 24th August, 1884." The defendant was in possession of the lands, claiming title under a sheriff's deed to Z. W. Laney & Co., of which firm he was a member, as the purchasers at a sale under an execution for costs against the plaintiff; and he offered in evidence the sheriff's deed, the execution, and the decree on which it was issued. The de-

29

[Balkum v. Kellum.]

cree was rendered on the 17th April, 1878, dismissing a bill which Mrs. Kellum had filed against her husband, suing by her next friend; the execution was levied on the lands on the 10th December, 1878, and the sheriff's deed to the purchasers dated February 3d, 1879. The opinion states the material parts of the decree. On these facts, the court charged the jury to find for the plaintiff, if they believed the evidence. The defendant excepted to this charge, and he here assigns it as error.

TROY, TOMPKINS & LONDON, for the appellant, cited *Haney v. Lundie*, 58 Ala. 100; *Askew v. Renfroe*, 81 Ala. 360; *Lee v. Ryall*, 68 Ala. 354; *Hinson v. Gamble*, 65 Ala. 605.

J. A. CLENDENIN, *contra*, cited *Ravisies v. Stoddart & Co.*, 32 Ala. 605; *Lee v. Ryall*, 68 Ala. 354; *Callen v. Rottenberry*, 76 Ala. 169.

STONE, C. J.—In *Ravisies v. Stoddart*, 32 Ala. 599, it was declared, and the doctrine has been followed ever since, that in proceeding to subject property, the statutory separate estate of a married woman, to liabilities resting upon it, no personal judgment can be rendered against her. The proceeding is against the property, describing it; and the recovery can only be enforced against the property specified and condemned in the proceedings.

In *Haney, per pro. ami, v. Lundie*, 58 Ala. 103, it was ruled, that when a married woman institutes suit in chancery, suing by next friend, to recover property which is of her statutory separate estate, and thereby brings such part of her estate within the jurisdiction of the court, her estate thus brought in may be subjected to the costs of such suit, after fruitless attempt to collect it out of the next friend. In that case, however, it was held that the chancellor erred in his decree, because he rendered it against the married woman personally, to be collected of her goods and chattels generally, without specifying the particular property (that which had been involved in the controversy) which was subject to its payment. The decree was amended in this court, the imperfection thereby healed, and the property subjected to the costs of that suit.

In *Lee v. Ryall*, 68 Ala. 354, we adhered to the same doctrine, holding that "a general judgment, or a judgment

which pretermits the ascertainment of the estate of the wife condemned to its satisfaction, can not be rendered."

In *Callen v. Rottenberry*, 76 Ala. 169, the subject of a married woman's statutory estate was fully discussed, and it was ruled that, on a general judgment against a married woman, pronounced on a promise or cause of action she had no authority to make or incur, lands held by her as her statutory separate estate could not be sold; and if sold, the purchaser would not acquire such a title as would maintain an action for its recovery. In this case it was not decided that the sale, or the process under which it was made, was void. The ruling was mainly rested on the fact, that under the woman's law, as it then existed, the husband had a valuable interest in the statutory estate of the wife, which prevented its sale under a general execution against her.

In *Askew v. Renfroe*, 81 Ala. 360, Mary Renfroe, a married woman, had brought suits in her own name, for the recovery of property, of the *corpus* of her statutory separate estate. Being required to pay costs incurred in the suits, lands belonging to her statutory estate were levied on and sold, and Mrs. Askew became the purchaser, receiving title. The purchaser getting into possession, Mrs. Renfroe brought a statutory real action to recover possession of the land so sold. The theory on which she based her right of recovery was, that the sheriff's levy and sale were void, and conferred no title. This court sustained the sale, and held that it devested title out of Mrs. Renfroe.

In *Haney v. Lundie*, 58 Ala. 100, the suit, like the case which was the origin of the present one, was in the Chancery Court, and prosecuted by next friend. The subject of the suit was land belonging to the statutory separate estate of Mrs. Haney, which was described in the pleadings. The chancellor dismissed her bill; and her next friend proving insolvent, he decreed the costs against her, "to be levied of the goods and chattels of her estate generally"—that is, of any property that may belong to her, without specifying any as chargeable with the costs. From that decree there was a direct appeal to this court. The ruling here was, not that the chancellor's decree was void. On the contrary, it was corrected here specifying the lots which had been sued for, charging the costs upon them, and ordering execution to issue, that the costs might be collected by their sale.

The suit of Mrs. Kellum was prosecuted in chancery by her next friend, Thos B. Ronie, and was against her hus-

[Balkum v. Kellum.]

band, Elijah B. Kellum. It had a two-fold object; to obtain a divorce from her husband, and to remove him from the trusteeship of her statutory estate. Her bill was dismissed, and it was decreed "that Eliza Kellum and her next friend pay the costs of this suit, for which let execution issue, to be levied, if need be, on the said separate statutory estate of complainant." On this execution the sheriff made the following indorsement: "The said Thomas B. Ronie, Jr. and Eliza Kellum having no other property subject to levy and sale, I have this day levied this *fi. fa.* upon the following lands belonging to Eliza Kellum." Here follows a description of the lands sued for in this action, and which lands had been described in her bill, as constituting a part of her estate, from the trusteeship of which her bill sought to have her husband removed. The sheriff made sale of the lands according to law; Laney & Co. became the purchasers, and received the sheriff's deed of conveyance. Balkum, a member of the firm of Laney & Co., obtained possession of the land, holding it under the sheriff's deed; and the present suit was brought by Mrs. Kellum to dispossess him. The question is, whether the levy, sale and conveyance devested Mrs. Kellum's title. There were verdict and judgment for Mrs. Kellum, the trial court holding that the title was still in her.

One argument urged in support of the rulings of the Circuit Court is, that the words in the decree, "if need be," reposed an improper discretion in the sheriff. We understand this to mean no more nor less, than if the costs could not be otherwise collected, then the sheriff was authorized to levy "on the *said* separate statutory estate." This could have referred only to her estate described in the bill, and to protect which her suit had, in part, been prosecuted.

If Mrs. Kellum had appealed from the decree of the chancellor to this court, and had assigned as error that the costs had been adjudged against her estate, to be paid out of her estate, we, in accordance with the ruling in *Haney v. Lundie*, would have pronounced the personal decree against her to an error; but we would not have stopped there. We would have corrected the decree by inserting in it the lands described in the bill, and ordering their sale in payment of the costs. Why? Because we would thereby be following the lead of *Haney v. Lundie*, and because the decree was simply erroneous and irregular—not void. Would

it not be an anomaly to hold that an error committed, when collaterally presented, as in this case, works a graver disaster than it would if it arose on direct appeal? The error complained of can not avail, on collateral presentation. *Holly v. Bass*, 68 Ala. 206.

The ground on which the ruling in *Callen v. Rottenberry* was mainly rested, can not apply in this case. The execution under which the lands were sold was in favor of the husband, and he can not be heard to complain of the loss of a property interest, brought about by himself.

The Circuit Court erred in the charge given.

Reversed and remanded.