# Long *et al. v.* Walker, Guardian.

*Garnishment on Chancery Decree.*

1. *Garnishment on chancery decree, to subject statutory estate of married woman.*—A decree in chancery having been obtained, in favor of an infant daughter, and dividing the amount found due among the other heirs and distributees, in proportion to the amount received by each from the father's estate; if a garnishment will lie on the decree against a granddaughter, whose mother died before receiving anything from the father's estate, to enforce payment out of moneys belonging to her statutory estate in the hands of her husband (as to which *quære*), it certainly can not reach moneys in his hands as administrator of her father's estate, which is outside of the subject-matter of the suit.

APPEAL from Barbour Chancery Court.
Heard before Hon. JOHN A. FOSTER.

G. L. COMER, for appellant.

H. D. CLAYTON, Jr., *contra.*

[Long et al. v. Walker, Guardian.]

STONE, C. J.—This case was before us at a former term, reported as *Walker v. Crews*, 73 Ala. 412.

After the case returned to the Chancery Court, an account was taken, and in April, 1883, it was ascertained and decreed that Nancy J. Long, a married woman, granddaughter of Arthur Crews, and one of the distributees of his estate, should pay to Ella Corinne Crews, of the debt due from Arthur Crews' estate, the sum of two hundred and six 26-100 dollars. The decree not being paid, a garnishment was sued out against Mrs. Long's husband, J. H. Long, both as an individual, and as administrator of Wesley Bishop (Mrs. Long's father), requiring him to answer as to indebtedness, effects, &c., to, and property of Mrs. Long, his wife. This proceeding was under the Code of 1876, §§ 3854, 3855, 3856, and 3218 *et seq.;* Code of 1886, § 3508 *et seq.;* § 2967 *et seq.*

Mrs. Bishop, mother of Mrs. Nancy J. Long, was a daughter of Arthur Crews, but died before receiving anything of her father's estate. Her children, of whom Nancy J. was one, succeeded directly to the interest which would have fallen to her. Wesley Bishop also died in 1884, and J. H. Long became one of his administrators.

The garnishee, J. H. Long, answered, disclosing nothing in his hands, as having come to his wife from the estate of her grandfather, Arthur Crews. He said: "The money she received from the Crews' estate has been expended in clothing and vehicles." He made no further answer as to this. He further answered, "that he received from the estate of her father, Wesley Bishop, the sum of seven thousand dollars," which "he has in money and notes; that at least one thousand dollars is now in money." He had stated, in a previous part of his answer, that individually he was not indebted to the said Nancy J. Long. The foregoing are all the material facts of this case.

A married woman's statutory separate estate, as it existed before our recent statute, was very peculiar. Except as the law made it chargeable for articles of comfort and support of the household, she had no power to bind it by any contract she could make; with the single further exception, that she and her husband could make sale of it by conforming to the statute.—3 Brick. Dig. 545, §§ 52, 53; *Wilburn v. McCalley*, 63 Ala. 436; *Pollak v. Graves*, 72 Ala. 347; *Lee v. Tannenbaum*, 62 Ala. 501; *Callen v. Rottenberry*, 76 Ala. 169. True, we have held, that by bringing suit herself, and bring-

ing her property within the jurisdiction of the court, she so far places it within the power of the court, as that it can be made. liable for costs that may be incurred.—*Haney v. Lundie*, 58 Ala. 100; *Lee v. Ryall*, 68 Ala. 354; *Askew v. Renfro*, 81 Ala. 360; *Balkum v. Kellum*, 83 Ala. 449.

The property sought to be subjected in this case accrued to Mrs. Long, after the decree was rendered, ascertaining and declaring her liability. There is no connection between the liability, or its origin, and the fund out of which its payment is sought to be coerced. As no personal judgment can be rendered against a married woman, and as complainant has no lien on, and no connection with the only estate of defendant, which is brought to our view, the chancellor erred in decreeing its payment out of moneys which came to her from Bishop's estate.—*Phipps v. Sedgwick*, 95 U. S. 3; 3 Brick. Dig. 557, §§ 218 *et seq.*

We need not, and do not say, that if any of the distributive share which came to Mrs. Long from her grandfather Crews' estate remained, it could not be made subject to her ascertained liability. It may be that a lien, or liability, would be declared in favor of Ella Corinne Crews, and fastened upon such remaining, existing inheritance or succession, for its payment.—*Kieser v. Baldwin*, 62 Ala. 526; *Johnson v. Ward*, 82 Ala. 486.

Should further effort be made to collect this decree, it would be well to inquire whether statutory garnishment will lie.—*Jones v. Crews*, 64 Ala. 368; *Cauly v. Blue*, 62 Ala. 77; *Lee v. Ryall*, 68 Ala. 354; *McMullen v. Lockard*, 64 Ala. 56.

Reversed and remanded.