# Steed *et al. v.* Knowles.

### *Statutory Action of Ejectment.*

| 84 | 205 |
| 97 | 574 |

1. *Proof of title in plaintiff; charge as to.*—Where there is no evidence showing that plaintiff's vendor was in actual possession of the land sued for at the time he conveyed to plaintiff an undivided half interest therein, though the evidence tends to prove claim of title and acts of ownership by him, the defendants being in actual possession all the time; a charge instructing the jury that, if plaintiff's vendor was in possession of an undivided half interest in the land at the time he conveyed to plaintiff, claiming the same and exercising acts of ownership over it, and if the defendants claimed under a purchase from said vendor, then plaintiff is entitled to recover, if he was ousted by the defendants, is erroneous, since the facts stated, though tending to show title in said vendor, more or less strong as they were or were not brought to the knowledge of the defendants, do not, as matter of law, necessarily show title in him.

2. *Same.*—But a charge which instructs the jury that, if plaintiff's vendor put the defendants in possession of the land, and they claimed an undivided half interest only, while said vendor claimed the other half; and if the defendants lived on the land, recognizing said vendor's right and claim, up to the time when he sold and conveyed to plaintiff, and they afterwards ousted plaintiff, then they must find for plaintiff, asserts a correct proposition.

3. *Presumption as to character of wife's estate.*—Property held and owned by a married woman in 1870–71, in this State, will be presumed, in the absence of proof to the contrary, to belong to her statutory estate.

4. *Judgment against married woman, or her property.*—In an action against husband and wife, to recover an undivided half interest in a tract of land claimed by the wife as belonging to her statutory estate, verdict being rendered for the plaintiff, it is proper to enter judgment of ouster against the wife, as well as the husband; but no judgment can be rendered against her or her property, for either damages or costs.

APPEAL from Clay Circuit Court.

Tried before the Hon. L. F. Box.

Suit was brought by Jno. W. Knowles, appellee. The theory of the suit and the nature of the evidence *pro* and *con* appear in the opinion. Charge *six*, given at the instance of plaintiff and referred to in the opinion as correct, is as follows:

"If the jury believe from the evidence that Thomas Bonner, Sr., put Steed and wife in possession of the land, that Steed and wife claimed one undivided half interest in the land and Bonner the other half interest, that Steed and wife lived on the land recognizing Bonner's claim and right up to the time he (Bonner) made a deed to Knowles to the one-

half interest he (Bonner) claimed, if you find from the evidence he made such a deed, and if Steed and wife ousted Knowles or did that which amounts to an ouster, then the jury must find for the plaintiff, John W. Knowles."

Judgment was rendered in favor of plaintiff and against Steed and wife for the land sued for, damages for use and occupation, and costs.

PARSONS, PEARCE & KELLY, for appellants.

W. M. LACKEY, contra.

STONE, C. J.—The testimony recited in this transcript is very voluminous, and very much in conflict. If the plaintiff's testimony be believed, he shows a clear right to recover an undivided half interest in the land. On the other hand, if the facts attempted to be established by the defendants be the true state of the case, they were entitled to a verdict. It was for the jury to weigh the testimony. Many exceptions were reserved to the introduction of testimony, but we fail to find any error in the court's ruling in that behalf.

Charge 4, given at the instance of the plaintiff, is erroneous. Thomas Bonner, Sr., conveyed an undivided half interest in the lands—the interest sued for—to plaintiff, in August, 1877. Plaintiff founds his right of recovery on the title thus acquired. The theory of his suit is, that at that time, Thomas Bonner, Sr., and Mrs. Steed were equal tenants in common of the lands. The defense is, that Mrs. Steed purchased the lands in 1868 or 1869, that she took exclusive possession in 1871, and ever afterwards held the land, her statutory separate estate. Neither party produced documentary title, either to Thomas Bonner, Sr., or to Mrs. Steed. A deed of gift of an undivided half interest in the lands from Thomas Bonner, Sr., to Mrs. Steed, dated in 1875, was produced from the records of the Probate Court; but Mrs. Steed testified, that it was never delivered to her, and she did not know of it. · Thomas Bonner, Sr., never had actual occupancy of the land. The claim of possession in him, and acts of ownership by him, and later possession by plaintiff, are sought to be established in various ways: By alleged admissions made by Steed, and sometimes by his wife; by letting the premises to rent, and receiving the rent; by letting them to rent, even to Steed himself, and in many other ways. But the testimony is in conflict on all these questions. In this

[Steed et al. v. Knowles.]

state of the testimony, it is not necessarily a legal truism, that "If the plaintiff's vendor, Bonner, at the time the deed from Bonner to Knowles—plaintiff—was made, was in possession of an undivided half interest in the lands conveyed by it, claiming the same and exercising acts of ownership over it, and if the jury believe further from the evidence that the defendants claimed under a purchase from said Bonner, then the plaintiff is entitled to recover, if the defendants ousted the plaintiff, or did what was equivalent to an ouster." If these facts, hypothesized in this charge, were believed to be true, they tended to show title in Bonner, more or less strong, as they were or were not brought to the knowledge of defendants; but they did not, as matter of law and necessarily, prove title in him. Charge six, given at the instance of the plaintiff, asserts the correct rule.

Charge two, asked by the defendants, is in the following language: "If the jury believe from the evidence that Mrs. Steed is the wife of her co-defendant A. M. Steed, then if the jury believe from the evidence that the half interest here sued for in the land is the separate estate of Mrs. Steed, they must find for the defendant Mrs. Steed." This charge ought to have been given.

It is among the uncontroverted facts in this case, that at the time Mrs. Steed acquired whatever title she has in the lands—at some time between 1868 and 1875—she was the wife of A. M. Steed, and continued such up to the trial. There is neither proof nor pretense that her estate was equitable, and we must therefore presume it was statutory. *DeBardelaben v. Stoudenmire*, 82 Ala. 574; *Steed v. Knowles*, 79 Ala. 446. Being a married woman, and brought into the court as a defendant, to dispossess her of lands ascertained not to be hers, no personal judgment could be rendered against her, nor against her estate, either for the damages or costs.—*Johnson v. Ward*, 82 Ala. 486; *Sayre v. Elyton Land Co.*, 73 Ala. 85; *McCall v. Rogers*, 77 Ala. 349; *Callen v. Rottenberry*, 76 Ala. 169. The court possessed neither power nor machinery for bringing her estate before the court and ordering its condemnation. This case is distinguishable from *Haney v. Lundie*, 58 Ala. 100; *Lee v. Ryall*, 68 Ala. 354; *Askew v. Renfroe*, 81 Ala. 360; *Balkum v. Kellum*, 83 Ala. 449.

Judgment of ouster against her was proper.

Reversed and remanded.