## SMITH & *ux. versus* CANNELL.

Where land is conveyed with covenants of general warranty, and, *at the same time*, is re-conveyed *in mortgage*, with like covenants of warranty, no action upon the covenants in the *mortgage* can be maintained by the *mortgagee* or his *assignee*.

Thus, where such deeds were given, it was *Held*, that the assignee of the mortgagee could not recover, upon the mortgager's covenants, for an eviction under a judgment for dower recovered against such assignee by the widow of the mortgagee.

COVENANT BROKEN.

Richard F. Bartlett conveyed land, by deed with covenants of general warranty, to the defendant, who at the same time, and as a part of the same transaction, re-conveyed the same to Bartlett, *in mortgage*, with like covenants. Bartlett, at

the time, had a wife, but she did no act, whereby to bar her right of dower. Bartlett entered, according to law, for a foreclosure, and before the end of three years assigned the mortgage. After the foreclosure was perfected, the assignee of the mortgagee conveyed the land, which, by several subsequent and connected conveyances, became vested in the female plaintiff.

Bartlett died insolvent, and his widow, in a suit at law, recovered dower against these plaintiffs. The dower was assigned, and the plaintiffs afterwards purchased it of the widow.

This action is brought upon the covenants, contained in the *mortgage* deed, given by the defendant to Bartlett. The case was submitted for legal adjudication.

*Hilliard*, for the plaintiffs.

The defendant's covenants in his mortgage deed were broken by the widow's recovery of dower. 2 Stark. Ev. 435; *Sprague* v. *Baker*, 17 Mass. 589.

Such covenants run with the land, though the intervening conveyances be by quitclaim deed only. 24 Maine, 383; 8 Greenl. 233; 6 Metc. 439; 28 Maine, 497; 4 Hill, 345.

The plaintiffs are not estopped by the covenants in the deed made by Bartlett to the defendants. 28 Maine, 497; 12 Metc. 459. Those covenants might bind heirs, but not assignees for value.

Estoppels are to avoid circuity. Here could be no circuity, because Bartlett's estate is insolvent, and the claim should go before the commissioners of insolvency.

*Cutting*, for the defendant.

Bartlett could not have maintained suit against his grantee, on an allegation that his own wife had an inchoate right of dower, in the very estate which he had warranted to the grantee.

His assignee could take no greater rights than the assignor had. There has been a mistake of parties. It is the grantee, the defendant, and not the grantor, the mortgagee, or his assignee, who is entitled to actions upon the covenants. 24 Maine, 525; 10 Conn. 422; 10 N. H. 33.

Smith v. Cannell.

If the defendant's covenants run with the land, so did his grantors. But, if the defendant's covenants were broken at all, they were broken before the assignment of the mortgage, they were broken the moment when given, and did not run with the land.    22 Pick. 447.

TENNEY, J. — An absolute deed and a mortgage of the same land given at the same time by the grantee to the grantor, to secure the consideration, are regarded as one transaction; but the law will adjudge priority of operation, for otherwise the tendency would be to defeat, rather than to carry into effect, the intention of the parties.  *Hubbard* v. *Norton*, 10 Conn. 422.  When both such deeds contain covenants of warranty, the covenants are not considered to be mutually acted upon, each by the other, and their operation thereby destroyed; those in the mortgage do not estop the party claiming to recover upon those in the absolute deed.  *Ibid.  Brown* v. *Staples*, 28 Maine, 497.

The grantor in the absolute deed has sold the land; the mortgagee has pledged it only, for the security of the purchase money.  By the sale the grantor received a consideration, and is bound by his covenants to indemnify the grantee for all defects in the title, and for incumbrances existing at the time of the conveyance.

As between these parties, the purchaser really pledges nothing but the interest, which he obtained under the deed to him, and is answerable to him for no imperfection in the title, existing before the conveyance.  *Haynes* v. *Stevens*, 11 N. H. 28.

If the mortgage is redeemed, it has discharged its office as security, and ceases to be operative.  If it is foreclosed, the title, which passed by the absolute deed, is restored to the grantor, or those who claim under him.  And the one having the mortgagee's right after foreclosure of the mortgage, cannot be allowed to recover damages for a breach of the covenant therein, made by the mortgagee, or existing at the time of his conveyance; for the effect of such recovery would be, to obtain

all that he parted with in the conveyance, and the value of the incumbrance, which he is relieved from removing by the foreclosure. Such consequences would be unjust.

An inchoate right of dower is an existing incumbrance on the land, within the meaning of the covenant against incumbrances. *Porter* v. *Noyes*, 2 Greenl. 22 ; *Shearer* v. *Ranger*, 22 Pick. 447.

At the time Bartlett sold and conveyed to the defendant, Frances S. Bartlett being then his wife, the covenant in that deed against incumbrances was broken, and in an action therefor, it would have been no defence, that the defendant had given a mortgage to Bartlett at the same time with a similar covenant.

The plaintiffs claiming under an assignment of that mortgage, and several mesne conveyances, they can trace their supposed right to recover in this action only through that assignment. Each person, while he held the interest of the mortgagee, could equally with the plaintiffs maintain the action for the breach of this covenant. If any one, so holding the interest, had released the covenant, no subsequent grantee could make the breach thereof available. And if for other reasons, any one in the chain of title under the mortgage is precluded from maintaining an action for the same cause, his grantee could acquire no right superior to that, of him from whom he derived his title. The mortgagee having no ground of action for the breach, which he had covenanted against, could not impart to any one a right, which he did not possess.

Neither the insolvency of Bartlett's estate, which would render a claim against it of little or no value ; nor the lapse of time, which might prevent its allowance, can have the effect to take away the defence, which was once open.

*Plaintiffs nonsuit.*