# SILA D. MUSGRAVE

*v.*

# SAMUEL G. MUSGRAVE.

MARRIED WOMEN—*when liable for costs.* In a suit, under the statute, by a married woman against her husband, for separate maintenance, and in which she was unsuccessful, it was *held*, that under the law of 1861, known as "The Married Woman's Act," and the law of 1869, giving a married woman the control of her own earnings, it was proper to decree that the complainant should pay the costs.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

The opinion states the case.

Mr. T. B. TANNER and Mr. T. S. CASEY, for the plaintiff in error.

Messrs. WRIGHT & GREEN, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed by plaintiff in error, in the Jefferson circuit court, against defendant in error, for maintenance. On a final hearing, the court below dismissed the bill and rendered a decree against complainant for the costs. The question presented and urged upon this record is, whether the law permits a decree to be rendered in such a case in favor of the husband and against the wife, for costs.

The act of 1867 (Pub. Stat. 132) declares that "married women who, without their fault, now live, or may hereafter live, separate and apart from their husbands, may have their remedy in equity, in their own names respectively, against their said husbands, for a reasonable support and maintenance, while they so live, or have so lived, separate and apart; and in determining the amount to be allowed, the court shall have reference to the condition of the parties in life, and the circumstances of each case; and the court may grant allowance to enable the wife to prosecute her suit, as in cases of divorce." It further provides, that the wife shall not be required to give security for costs in any such proceeding.

This court had, prior to the adoption of the law known as "The Married Woman's Act," and the passage of this law, held that in cases for divorce and alimony, it was error to decree costs against the wife. *Reavis* v. *Reavis*, 1 Scam. 242, and *Thatcher* v. *Thatcher*, 17 Ill. 66. But it is insisted that this legislation has so far changed the relations of husband and wife, as to their property, that when the reason of the law ceases, the law is also changed, and those cases do not apply to the case at bar.

Prior to the act of 1861, a married woman could not own separate property in her own name and right. But that act invests her with her property, free from the control of her husband, and gives her the same power over it as if she were sole and unmarried. Again, in 1869 (Pub. Laws, 255), it was enacted that any married woman shall be entitled to receive,

use and possess her own earnings, and sue for the same in her own name, free from the interference of her husband or his creditors, etc. These acts have manifestly radically changed the common law. Under them, she may hold, use and enjoy separate property, and her earnings free from the interference of her husband. The reason, then, for refusing to render a decree against her for costs, has ceased. Then her personal property and earnings belonged to her husband, as well as the use of her real estate, and when that was the case, it would be idle to decree her to pay the husband's costs in litigation arising between them. But it is not so as the law now stands. She may own separate property, and have and enjoy her earnings, and no reason is perceived why she should not, out of them, bear the burdens of her unsuccessful litigation, whether with her husband or with other persons. The extension of rights usually imposes corresponding liabilities. So in this case, holding or having the right to hold separate property and earnings, she must be held liable to costs incurred in maintaining her separate rights. Such a decree could, of course, only be collected out of her separate property and estate.

We perceive no error in this record, and the decree of the court below is affirmed.

*Decree affirmed.*