# CHARLESTON.

### WHITE *v.* FOOTE L. & M. Co.

Submitted January 24, 1887.—Decided February 12, 1887.

1. MARRIED WOMAN—JUDGMENT.

A judgment rendered by a court of common-law against a married woman either in her own name or in the name of a company, under which she does business, upon a contract made during her coverture is absolutely void; and an execution or suggestion sued out upon such judgment is invalid and ineffectual for any purpose. (p. 387.)

2. MARRIED WOMAN—JUDGMENT.

Such judgment may be assailed collaterally in proceedings upon a suggestion thereon. (p. 388.)

*Simms & Enslow* for plaintiff in error.

*E. S. Doolittle* for defendant in error.

SNYDER, JUDGE:

A. G. White, on May 19, 1885, caused a suggestion to be issued by E. M. Underwood, a justice of the peace of Cabell county, in which after stating, that said White on December

| 29 | 385 |
| 29 | 477 |
| 31 | 25 |
| 29 | 385 |
| 36 | 202 |
| 36 | 798 |
| 29 | 385 |
| 38 | 409 |
| 38 | 639 |
| 29 | 385 |
| 39 | 483 |
| 39 | 718 |
| 29 | 385 |
| 40 | 197 |
| 29 | 385 |
| 45 | 742 |
| 29 | 385 |
| 47 | 698 |
| 29 | 385 |
| f63 | 46 |

13, 1883, had obtained a judgment before another justice of said county against The Foote Lumber and Manufacturing Company for $139.42 and costs, and that there was a liability on Gard & Lous by reason thereof, commanded the said Gard & Lous as debtors of said company to be summoned to appear before said Underwood on June 1, 1885, to answer respecting said liability. The suggestion was duly served on Gard & Lous. On the return day thereof Jane M. Foote, the wife of H. L. Foote, appeared before the justice by her attorney and filed a plea, in which she alleged, that the alleged judgment, on which the suggestion had issued, had been recovered against her under the name of The Foote Lumber and Manufacturing Company, that being the name, under which she was doing business; and that at the time of the rendition of said judgment she was and still is a married woman, the wife of H. L. Foote, and living with her husband. Issue was joined on this plea, and the justice having upon the evidence found for the plaintiff, and that Gard & Lous were indebted to the defendant for a sum in excess of the plaintiff's judgment, gave the plaintiff judgment against Gard & Lous for $139.42 and costs. Within ten days thereafter the said Jane M. Foote appealed from said judgment to the Circuit Court of said county.

The case was finally heard by the Circuit Court, on March 25, 1886, where both the law and the facts were submitted to the court, and the judgment of the justice was affirmed. The garnishees, Gard & Lous, and Jane M. Foote, as The Foote L. & M. Co., obtained a writ of error to said judgment from this Court.

All the facts proved on the trial in Circuit Court are certified and made part of the record. The material facts are as follows: The garnishees, at the time the suggestion was served upon them, had in their hands funds belonging to The Foote L. & M. Co. sufficient to pay the plaintiff's judgment and costs. Jane M. Foote composed the said Foote L. & M. Co. and did business under that name through her husband, H. L. Foote, as her agent; and she was a married woman.

It is contended by the plaintiff in error, Jane M. Foote, that in order to entitle the plaintiff below to subject the effects of a judgment-debtor to the satisfaction of the claim

it is requisite that the creditor should show : First, a valid and subsisting judgment against the debtor ; second, an execution upon the judgment in the hands of an officer ; and third, funds or effects of the debtor not exempt from the lien of the execution in the hands of the garnishee sufficient to satisfy the execution in whole or in part. It is claimed, that no one of these requisites was shown by the evidence in this case. The main contention however for the plaintiff in error is, that the alleged judgment being against a married woman, was void and therefore could not be either the basis of an execution or of a suggestion.

Ordinarily it is not necessary for the creditor, in a proceeding by suggestion to offer in evidence the judgment against his debtor. (*B. & O. R. R.* v. *Wilson*, 2 W. Va. 528.) Upon suggestions in the Circuit Court it is essential to show, that a writ of *fieri facias* has been issued and placed in the hands of the officer for execution, in order to create the lien required by the statute as the foundation of the suggestion. (Sec. 10, chap 141 of Code.) But our statute in respect to suggestions before a justice is not explicit on this subject, but the reason of the law seems to be, that the execution should be shown, for otherwise there could be no lien on the effects or funds in the possession of the garnishee. But be this as it may, when the validity or legal existence of the judgment is directly assailed by the debtor, I think there can be no serious doubt, that it devolves on the plaintiff to show the existence of his judgment. I do not mean to decide, that he must produce a judgment, which can not be reversed for some irregularity or error, which does not render it void, but that he must show a judgment which can not be assailed and held absolutely void in a collateral proceeding. If the judgment is void, it cannot be regarded as having any legal existence in any court or for any purpose.

It is important then to enquire, whether the judgment, on which the suggestion and judgment against the garnishees in this case was based, was or was not absolutely void. If it is a judgment against a married woman upon a contract made during her coverture, it is absolutely void and is in effect the same as a judgment rendered by a court having no jurisdiction. It is an absolute nullity and creates no lien

on the separate estate of the woman. (*Tavener* v. *Barrett*, 21 W. Va. 658; *Stockton* v. *Farley*, 10 Id. 171; *Carey & Co.* v. *Burress*, 20 Id. 571.)

The decision of the case before us depends upon whether or not the judgment, on which the suggestion is founded, is a judgment against a married woman rendered upon a contract made during her coverture. This is purely a question of fact. It is certified as a fact, that The Foote L. & M. Co. is Jane M. Foote doing business in that name. It is also certified, that Jane M. Foote was a married woman. The judgment is against The Foote L. & M. Co. These facts taken together are, it seems to me, the same in effect as a certificate, that the judgment was rendered against Jane M. Foote, a married woman. This much, I think, is entirely plain. But, it is insisted, it is not shown, that Jane M. Foote was a married woman at the time the contract was made on which the judgment was obtained, and further, that it is not shown, that she was then living with her husband. It has been expressly decided by this Court, that under our statute, sec. 13, chap. 66 of Code, a married woman living separate from her husband may contract and be sued, and a valid judgment may be rendered against her upon her contracts in a court of common-law. (*Peck* v. *Marling*, 22 W. Va. 708). But when it is pleaded or shown, that the defendant is a married woman, the burden is cast upon the plaintiff to establish the fact, that she is living separate from her husband. The presumption is, that all married women live with their husbands, and the fact, that some do not, is an exception; therefore he who claims the benefit of the exception, must show it. (*Stockton* v. *Farley*, 10 W. Va. 171 ; *Peck* v. *Marling supra*).

The judgment in this case being against the Foote L. & M. Co., the contract, on which it is based, was necessarily made by said company; and it being certified that Jane M. Foote, a married woman, and said company are one and the same, it inevitably follows, that the contract was made with a married woman. It also follows, it seems to me, that the contract must have been made during the coverture of Jane M. Foote. It is certified that Jane M. Foote is The Foote L. & M. Co. This is equivalent to a certificate, that the

said company is a married woman, and there being no pretence that the company had any existence; or that Jane M. Foote did business under that name at any time when she was not a married woman, the necessary conclusion both in law and fact is, that the contract was made during coverture. My conclusion, therefore, is, that, the judgment having been rendered upon the contract of a married woman made during her coverture, it is an absolute nullity, and that any execution or suggestion sued out upon it was invalid and ineffectual for any purpose. ( *Whitley* v. *Black*, 11 Am. Dec. 753, 755, note). The result therefore, is, that the judgment of the Circuit Court as also that of the justice must be reversed, and the plaintiff's suggestion dismissed.

REVERSED.