# CHARLESTON.

## HOGG *et al* v. DOWER *et al.*

Submitted January 14, 1892.—Decided March 19, 1892.

1. ATTORNEY'S LIEN.

An attorney at law has no lien upon land for his fee or compensation for services in a suit wherein the land is recovered for his client.

2. SEPARATE ESTATE—MARRIED WOMEN.

Land which is the separate estate of a married women can not be sold for a debt contracted by her during coverture, but can only be rented during the coverture.

*Gunn & Gibbons* and *Kenna & Chilton*, for appellants.

*C. E. Hogg* for appellees cited 3 Par. Cont. 277; 1 Heisk. 503; 6 Heisk. 15; 3 Coop. Ch'y 623; 16 W. Va. 390, 391; 7 Cent. L. J. 110; Weaks Attys. 605, 606, 607, 610; Amb. 102; 15 How. 415; 93 U. S. 352; 15 Otto. 527; 113 U. S. 116; 4 Gif. 260; 9 Jur. N. S. 1048; 9 L. F. N. S. 465; 7 L. R. Ch'y 773; 20 W. R. 1025; 27 L. T. N. S. 465; 20 W. R. 793; 42 L. J. Ch'y 47; 72 Ga. 845; 32 W. Va. 273; 30 W. Va. 198; Doug. 100; 6 T. R. 361.

BRANNON, JUDGE:

In May, 1876, Patrick Dower and Maria Theresa Dower, his wife, executed a writing employing Fisher & Hogg, as attorneys at law, to institute proceedings for the pur-

pose of setting aside a will of John J. Weaver made in 1876, and setting up as his true will a prior will, made in 1868, which had been lost or destroyed, and agreeing to pay said attorney four thousand dollars, provided they should succeed in establishing the will of 1868.

Said attorneys instituted proceedings, the result of which was the overthrow of the will of 1876 and the establishment of that of 1868; and as a consequence Maria Theresa Dower, as a devisee, became owner with Mrs. Church of a valuable tract of land on the Ohio river in Mason county, which was divided between them, whereby Mrs. Dower became owner in severalty of certain parts thereof.

In 1886 said attorneys, Fisher & Hogg, brought a suit in equity in the Circuit Court of Mason against Dower and wife, setting up the facts aforesaid, alleging that no part of their compensation of four thousand dollars for their professional services under said contract had been paid, claiming that their said demand constituted an attorney's lien upon said land, and praying that it be sold for its payment, and that, if the court should refuse such relief, then said land of Mrs. Dower be rented to pay said demand; and the court pronounced a decree subjecting said land to sale for the payment of said demand. From this decree Dower and wife have appealed to this Court.

The Circuit Court must have based its decree upon the theory that the demand of the plaintiff was a lien on the land, but this theory is untenable. An attorney has no lien for his fee or compensation upon land. The reasons on which the Court so holds will be found in the opinions delivered upon John S. Swann's appeal in the case of *Fowler* v. *Lewis, supra* p. 112 (14 S. E. Rep. 447.) Viewing it simply as an obligation of a married woman charging her separate estate, it is well settled that the *corpus* of the land could not be sold, and there could be only a renting during the coverture. *Radford* v. *Carwile*, 13 W. Va. 572; *Howe* v. *Stortz*, 27 W. Va. 558. The land should be rented during coverture to pay said claim.

I notice that there is a personal decree against Mrs. Dower. There can not be a personal judgment or decree against a married woman on a contract during coverture.

*White* v. *Manufactaring Co.*, 29 W. Va. 385 (1 S. E. Rep. 572.)

The decree is reversed, and the cause remanded for further proceedings.

REVERSED. REMANDED.