# CHARLESTON.

## THORN *v.* SPROUSE, *et al.*

Submitted September 14, 1894.—Decided December 18, 1894.

1. SPECIFIC PERFORMANCE.

> Where a vendor sells a tract of land to his vendee and executes to such vendee a deed, in which his wife joins, but the certificate of acknowledgment is so defective in form as not to release the contingent dower of the wife, part of the purchase-money having been paid in cash, and time having been given for the residue, specific performance of the contract will not be enforced by compelling the payment of the residue of the purchase-money, unless such defendant is allowed to retain a sufficient amount of such purchase-money to adequately indemnify him against such contingent right of dower.

2. SEPARATE ESTATE.

> Where a judgment in an action of ejectment is obtained against a married woman and her husband for costs, such judgment can not be enforced by suit in equity against the separate estate of the wife. Brannon, P., dissenting.

J. G. NIGH for appellant cited 14 S. E. Rep. 249; 30 W. Va. 335; 14 S. E. Rep. 255; 29 W. Va. 385; 19 W. Va. 366.

WM. BEARD for appellee cited Code, c. 66, s. 12; 10 W. Va. 174; 13 W. Va. 660; Code, c. 90, s. 5; 19 W. Va. 439; 21 W. Va. 648; 8 W. Va. 408; 28 Gratt. 766; 3 Call 240;

1 H. & M. 177 ; 4 II. & M. 125 ; 5 Gratt. 141 ; 33 W. Va. 387 ; 15 S. E. Rep. 74 ; 23 W. Va. 499 ; 9 S. E. Rep. 930 ; 24 W. Va. 730 ; 14 S. E. Rep. 267 ; 10 W. Va. 87 ; 27 W. Va. 550.

ENGLISH, JUDGE :

This was a suit in equity brought by Z. E. Thorn, in the Circuit Court of Wirt county against Nicholas Sprouse and others, to the March rules, 1891, for the purpose of enforcing a vendor's lien reserved on the face of a deed from Samuel H. Smith and wife to Nicholas Sprouse dated the 19th day of May, 1877, to secure a balance of purchase-money, and to set aside as fraudulent a certain deed made by Nicholas Sprouse and wife to one Susan R. Dalrymple, and also a deed from said Susan R. Dalrymple to Louisana Sprouse, wife of said Nicholas Sprouse, and to subject the land so conveyed to the payment of a judgment obtained by said Z. E. Thorn against said Louisana Sprouse and Nicholas Sprouse in an action of ejectment in the Circuit Court of Wirt county on the 29th day of March, 1890.

The material facts relied on by the plaintiff in his bill are, that on the 19th day of May, 1877, said Samuel H. Smith was possessed of a tract of land containing one hundred and thirty five acres, situated in said county ; and that in consideration of six hundred and thirty dollars of which three hundred and seventy five dollars was in hand paid, and the residue of which was to be paid as follows : Said Nicholas Sprouse assumed to pay to E. C. McCutcheon one hundred and fifty five dollars which sum was then due, and executed his single bill for one hundred dollars, payable twelve months after date—said Smith and wife by [deed of that date sold and conveyed said tract of one hundred and thirty five acres of land to said N. Sprouse, and said deferred payments were secured by vendor's lien reserved on the face of said deed. Some time in the year 1891, the said Samuel H. Smith, for a valuable consideration, indorsed and delivered said single bill for one hundred dollars to plaintiff and thereby assigned and directed the balance remaining due and unpaid on said due bill to be paid to the plaintiff, which single bill yet remains unpaid except as

to certain credits indorsed thereon, which are set forth, and that the balance due on said single bill is a valid lien upon said one hundred and thirty five acres of land, which he has a right to have enforced. The defendant has paid off said one hundred and fifty five dollars due to said E. C. Mc-Cutcheon. On the 29th day of March, 1890, he recovered against the said Nicholas Sprouse and Louisana Sprouse a judgment for his costs in and about a certain ejectment suit prosecuted by him against them, amounting to the sum of one hundred and thirty eight dollars and twenty one cents as taxed by the clerk of said court. The defendants Nicholas Sprouse and Louisana Sprouse, on the 3d day of March, 1881, with intent to hinder, delay and defraud the creditors of the said Nicholas Sprouse then existing as well as the subsequent creditors of the said Nicholas Sprouse conveyed said tract of one hundred and thirty five acres of land to his sister-in-law Susan R. Conrad, who since married one William Dalrymple. While there is a consideration of three hundred dollars recited in said deed, there was in fact not one cent consideration paid for said deed. The same was voluntary and without consideration deemed valid in law and was made with intent to hinder, delay and defraud the creditors of said Nicholas Sprouse, and is fraudulent and void as to said judgment of plaintiff. The said Susan Conrad in pursuance of said fraudulent intent and to further carry the same into effect did on the 6th day of September, 1882, make and deliver a deed for the said one hundred and thirty five acres of land to her sister Louisana Sprouse, reciting the same consideration contained in the said Susan Conrad deed. Although more than one year and six months elapsed between the date of said deeds, and said one hundred and thirty five acre-tract was an improved farm, and attended in crops, said Nicholas Sprouse continued to occupy it, and exercise acts of ownership over it, and to cultivate, use and enjoy the same as his own property without hindrance from said Susan Conrad, and continues so to use the same. Said Susan Dalrymple and Louisana Sprouse, and each of them, had notice of said vendor's lien and assumed the payment thereof.

Plaintiff also alleges that he holds certain certificates for

the attendance of witnesses on behalf of said defendants Louisana and Nicholas Sprouse in said ejectment cause, which he describes and gives the amount of, and charges that he has a right to charge the rents, issues, and profits of said land with his said judgment for costs and claims for witnesses' attendance against said Louisana Sprouse, if the court is of opinion that said conveyance to her by Susan Conrad is not fraudulent, as charged. Plaintiff also gives the amount and dates of several judgments which had been recovered against said Nicholas Sprouse by different parties in the county of Wirt, which he alleges had been docketed in the judgment-lien docket of said county, and which have never been released, and says he is not advised whether they have been paid or not; and he prays that the conveyances from Nicholas Sprouse to Susan Conrad, and from Susan Conrad to Louisana Sprouse, for said land, may be canceled, set aside, and annulled as fraudulent, and that said land may be decreed to be sold in satisfaction of said several sums of money due the plaintiff.

On the 17th day of June, 1891, the defendant Louisana Sprouse demurred to the plaintiff's bill, because the plaintiff had not made or stated such a cause of action in his bill, as would entitle him to the relief sought. And, for special cause of demurrer said defendant said (1) that, as will appear from the allegations in said bill, the note claimed by plaintiff to have been assigned by defendant S. H. Smith to plaintiff was barred by the statute of limitations prior to said assignment; (2) that said plaintiff shows by his said bill that his judgment of one hundred and thirty eight dollars and twenty one cents recovered against her and Nicholas Sprouse for one hundred and thirty eight dollars and twenty one cents, was recovered in a court of law, and that, as shown by said bill, she is a married woman, the wife of her co-defendant Nicholas Sprouse, and that said judgment is a nullity so far as she is concerned; (3) that said bill is multifarious, and for other causes, *etc.;* and she prays judgment, *etc.* This demurrer was set down for argument and having been argued and submitted was overruled.

The defendant Louisana Sprouse also filed an answer to plaintiff's bill, admitting the allegations of the bill with

reference to the conveyance of said tract of land by S. H. Smith in the year 1877, and stating that all of the purchase-money was paid about the same time, except the note for one hundred dollars ; also admitting that the credits indorsed on said note for payments were made since by her co-defendant Nicholas Sprouse, and that there is a small balance due upon said note and unpaid, which is a lien upon said land owned by her. She, however, denies that said conveyances from N. Sprouse to Susan Conrad, and from her to respondent, were for the purpose of hindering, delaying, or defrauding his creditors in any way, and charges that all the creditors of said N. Sprouse to whom he was indebted at the time of the making of said conveyances, and before, have been fully and entirely paid off and satisfied, except the balance on said note, which she is ready to pay, and that, if the said Nicholas Sprouse has since contracted debts, the creditors could not in any way be prejudiced by the conveyances to her, as the same were on record, and they had fair and full notice that he was not the owner of said real estate.

And she further says that the said Smith conveyed, by metes and bounds, the tract of one hundred and thirty five acres to her co-defendant Nicholas Sprouse, and in the conveyance covenants to warrant generally said title; that the conveyance to her is made by the same calls and boundaries, and respondent is entitled to avail herself of the original covenants from the said Smith as to said warranty.

She further says that six years prior to the sale and conveyance containing the lien to secure the aforesaid note held by the plaintiff, Thorn, said Smith has sold and deeded to H. B. Hylbert a part of the same land conveyed to said Nicholas Sprouse, and she charges that she is entitled, before she can be compelled to pay the balance of the purchase-money, to wit, the balance of the note aforesaid, now held by plaintiff, to have from said S. H. Smith a clear and valid title, as well as the possession, of all the land described in said deed, including the land deeded to said Hylbert, and now in his possession ; that she is ready and willing to pay off and discharge the small balance of said note whenever the said Smith shall assure to her all

the land sold her and described in said conveyance made by him and his wife of the said tract of one hundred and thirty five acres.

She further says that she is a married woman; that she is the owner and holder of the real estate in the bill mentioned as her sole and separate estate; and that the same is not liable under the law in any manner for the payment to plaintiff of his judgment for costs or fees, as charged in plaintiff's bill; and says that said judgment recovered by said Thorn, as set out therein, was recovered in a suit at law instituted by said Thorn against her, and is illegal and void, and can not be enforced as against her.

D. H. Leonard also filed his petition, on the 23d day of June, 1892, in this cause, setting up a judgment against Nicholas Sprouse for thirty two dollars and eight cents, rendered on the 18th day of March, 1888, with interest from that date and two dollars and thirty cents costs; alleging that the debt upon which said judgment was rendered was for legal services rendered years before the judgment was obtained, and charging that, at the time said debt was created, said N. Sprouse was the owner of the one hundred and thirty five-acre tract of land in the bill mentioned, and that it was conveyed by said N. Sprouse to Susan Dalrymple, and by Susan Dalrymple to Louisana Sprouse, with intent to hinder, delay, and defraud petitioner in the collection of his debt; that said conveyance was voluntary and without consideration, deemed valid in law; and he prays that he may be admitted as a party defendant, and that his petition may be considered as his answer in the cause.

Nicholas Sprouse also answered the plaintiff's bill, putting in issue the material allegations, and alleging the facts in regard to his exchange of lands with said Smith, and also that said Smith conveyed to him a portion of said tract which he had previously conveyed to one Hylbert, and that, after he had ascertained the fact that said portion of the land had been conveyed to Hylbert, he went to said Smith, and informed him that he had discovered his duplicity, and demanded that the matter be made right before he would pay anything further on said note, and that said

Smith agreed to make it right, and pay him the difference.

He further says that said Smith did not have good title to the land conveyed by his deed to respondent, and, although he warranted said title, yet, in fact, some of said land had been previously conveyed by said Smith, and other portions were convered by superior titles; and that he had been put to great expense and trouble in defending said title, and endeavoring to hold the land conveyed to him by said Smith; and that the bill of costs included in the judgment against him is a part of the expense incurred by said defence on account of the defective title, and, in addition to said expense, he had been compelled to pay attorney's fees and costs not included in said bill, and be deprived of valuable land purchased of said Smith; that said sale to him was a sale in gross, and he is entitled to have all the land included in the boundary sold to him, and is entitled to an abatement of the price to the value of the land he does not get, and is entitled to be reimbursed for the expenses and costs he has incurred in defending said title.

. He prays that said Smith may be required to make a good and sufficient deed for the land sold to him, and to make good the costs and expenses incurred by him in defending said title; that, inasmuch as the deed from said Smith does not convey the dower right of his wife, and is otherwise defective, he may be required to execute another and good deed for said land; that he may have an abatement against the purchase-money for the twenty four dollars, balance, and a decree against said Smith for the full price and value of the land which is lost to respondent; and that the plaintiff's bill be dismissed, *etc.*

Said N. Sprouse also filed his answer to the petition of said D. H. Leonard, putting in issue its allegations, and praying that the same be dismissed.

The plaintiff replied specially to the answer of Louisana Sprouse, putting in issue the affirmative allegations therein contained. Numerous depositions were taken both by plaintiff and defendants. A decree was rendered in the cause upon the pleadings and depositions, the court hold-

ing that the plaintiff was entitled to enforce the vendor's lien for the balance, if any remaining, unpaid on the one hundred dollar note mentioned in the bill, and to subject the rents and profits of the tract of land mentioned in the bill, and conveyed by Susan Conrad to defendant Louisana Sprouse, by deed dated the 6th day of September, 1882, to the payment of the plaintiff's said judgment for costs in the said action of ejectment, but not for the witnesses' fee bills referred to in the plaintiff's bill; and found that the defendants Nicholas Sprouse and Louisana Sprouse are entitled to a credit and abatement of the purchase-money on account of the three acres and fifteen rods of land held by and in possession of Hylbert, and embraced in the deed executed by the defendant S. H. Smith to the defendant Nicholas Sprouse, for the value of the said three acres and fifteen rods of land, at the time of said conveyance from S. H. Smith and wife to Nicholas Sprouse, to be credited as of the date of said conveyance on the said note of one hundred dollars mentioned in the plaintiff's bill as part of his demand; and the court referred the cause to a commissioner, to ascertain the value of said land and the balance due on the purchase-money note after allowing the credits to which the defendants were entitled, including the abatement from the purchase-money as aforesaid.

On the 25th day of June, 1893, the cause was again heard upon the papers formerly read and former orders made therein and upon the report of the commissioner, to whom the cause was referred, and upon the exceptions thereto filed by Nicholas Sprouse and Louisana Sprouse; and on consideration thereof it was decreed, that said exceptions be overruled, and said report be confirmed; and it appearing from said report that there was due the plaintiff, Z. E. Thorn, on the note for one hundred dollars, filed with his bill, the sum of sixteen dollars and twenty five cents, after allowing the said Sprouse credit for the tract of land conveyed by the defendant S. H. Smith to H. B. Hylbert, prior to the conveyance by the defendant Smith to the defendant Nicholas Sprouse of the tract of one hundred and thirty five acres in the bill and proceedings mentioned, including principal and interest on said note up to the 2d day of May,

1893, after deducting all credits to which the said Sprouse was entitled, held that the said sum of sixteen dollars and twenty five cents was a lien upon the tract of land therein mentioned, and had a right to a decree to sell the same to pay the said lien; decreed said sum of sixteen dollars and twenty five cents with interest thereon from the 2d day of May, 1893, until paid, and costs, against said Nicholas Sprouse; and also decreed that the plaintiff had a lien on said tract of land for the sum of of one hundred and thirty eight dollars and twenty one cents, being the amount of the judgment in favor of the plaintiff against the defendants for costs in the action of ejectment referred to in the plaintiff's bill with interest from the 20th day of June, 1893, until paid. And, it appearing that there were no other liens against said land, it was decreed that unless the said Nicholas Sprouse or Louisana Sprouse, or some one for them, should, within thirty days from the rising of the court, pay said sums, with the interest and costs of suit, then a commissioner therein appointed should sell said tract of land upon the terms therein prescribed; and from this decree the said Lousiana Sprouse obtained this appeal.

It is assigned as error by the petitioner that the court erred in overruling the demurrer of the defendants to the plaintiff's bill, by its decree of June 19, 1891. The third assignment of error is to the action of the court in decreeing a sale of petitioner's land before it had required a good and sufficient title to be executed to petitioner for said land, by releasing the dower interest of Mrs. Smith therein. The fifth assignment of error is to the action of the court in decreeing a sale of the real estate the separate estate of petitioner Louisana Sprouse for the judgment at law rendered by said court in the ejectment suit, and declaring it a lien on said land.

The questions raised by assignments numbers 3 and 5 are raised by the assignment of error as to the action of the court in overruling the demurrer, as the demurrer itself raises these questions, and the assignments may be considered together. Under our liberal practice, a demurrer to the bill admits the truth of the allegations of the bill or of

the parts thereof to which the demurrer extends, and of all documents filed therewith. 1 Bart. Ch. Prac. p. 345. See, also, Sands, Suits in Eq. p. 181, § 145, where it is stated that, the whole facts of a case appearing from the records of other ended causes exhibited by plaintiff with his bill, the court may pass upon it upon a demurrer to the bill, without requiring the defendant to set out his defence in an answer.

Now, in the case under consideration the plaintiff exhibits the deed from Samuel H. Smith and Annie E. Smith, his wife, to Nicholas Sprouse, with his bill, and makes it part thereof, as Exhibit A. When we look at the acknowledgment of said deed, it is at once apparent that the same is insufficient to release the contingent dower of said Annie E. Smith in said land. The certificate of acknowl- edgment as to her reads as follows :

"I also certify that Annie E. Smith, whose name is signed to the foregoing deed, bearing date May 19, 1877, being separate and apart from her husband, came person- ally before me, in my county and state, aforesaid, this 19th day of May, 1877. After reading and explaining the same, she, the said Annie Smith, acknowledged the same to be her act and deed, and does not wish to retract it."

It is not alleged in the bill that said Annie E. Smith is dead, and the presumption is that she is still in life. The question then is, whether upon the statements contained in the bill and what appears upon the face of this exhibit, the plaintiff is in a situation to demand the payment of the balance of the purchase money for said tract of land, and whether the court did not commit an error in decreeing the payment of the same to the plaintiff, until this incumbrance was removed.

Scribner on Dower (vol. 2, p. 5, § 4) says : "So, where a party has contracted to convey lands with covenants of general warranty or against incumbrances, an existing right of dower, although inchoate, will constitute a good defence to a proceeding on the part of the vendor for a specific performance of the contract, unless the vendee has waived his right to object to the title. The rule is the same where the vendor institutes an action at law against the

purchaser to recover damages for non-performance of the contract."

Wat. Spec. Perf., on page 544, propounds the law as follows: "When a vendor agrees to convey land free of incumbrances, his inability to procure the release of an outstanding inchoate right of dower is a breach of the contract"—citing numerous authorities. And in a note we find the following quotation from Rawle on Covenants: "It is one of the best-settled principles of the law of vendor and purchaser that, as a general rule, the right of the latter to a title clear of all claims whatsoever, present and future, fixed or contingent, is one of which he can not be deprived but by his own acts. It is a right, as has been often observed by the greatest equity judges, given by the law, and not springing from the contract of the parties."

It is well understood that no man of common prudence and ordinary business capacity would purchase a tract of land, and undertake to pay a fair and reasonable consideration for it, unless the wife should join with her husband in making the conveyance to him; for while it is true, that during the life of her husband her dower does not attach, yet it is also equally true that wives often outlive their husbands; and again, if a person should accept a deed, in which the wife did not join or did not properly acknowledge, and such person should undertake to re-sell the land, he would find the want of a proper release of dower a serious obstacle in disposing of the land.

We find it held in the case of *Shearer* v. *Ranger*, 22 Pick. 447, that "an inchoate right of dower is an existing incumbrance of land, within the meaning of the covenant against incumbrances"; and the same thing is held in the case of *Smith* v. *Cannell*, 32 Me. 126. So in Hil. Vend. p. 268, and note. Commenting upon the case of *Jones* v. *Gardner*, 10 Johns. 266, the author says the case was as follows: "Covenant to give a good and sufficient deed, in law, to vest the purchaser with the title of the farm of land with the appurtenances. The vendor's wife did not duly execute the deed. Held, the deed was not a fulfillment of the contract, because the agreement bound the vendor to give a deed

which should pass the legal estate in fee, free and clear of all valid claims, liens, and incumbrances."

Again, in the case of *Holmes* v. *Holmes*, 12 Barb. 138, it was held that "when the party contracting to convey, has at the time when the conveyance is to be made, either no title or a title which is defective, any condition precedent, such as tendering or paying or securing the purchase-money, need not be fulfilled by the other party to the contract." The objection urged to the title in that case appears to have been that the title was not free from incumbrance, in this: that the property was subject to a lease made by a vendor to the trustees of a school-house, and the inchoate right of dower of the wife of one Valentine Baker (who was then living, as well as his wife) in and to said premises.

These authorities, as we think, clearly indicate the law bearing upon the question, and lead us to the conclusion that until the said Smith tendered a good and sufficient deed, which should be joined in by his wife, and properly acknowledged, so as to release her claim to contingent or prospective dower, neither said Smith nor his assignee of said note given for the purchase-money had any right to subject the land to sale for the payment of the same. On this question, Tucker, in his Commentaries (volume 2, p. 459) says, under the head of "Specific Performance": "But, even where there are terms of incumbrance to be got in, the contract is enforced, and indemnity secured to the purchaser, by his retaining an adequate part of the purchase-money until the incumbrance is removed; as where there is an outstanding dower right in a *feme covert*, which she will not relinquish." But no such indemnity was prayed for or secured in this case, the bill merely praying that the land be sold for balance of purchase-money.

Now, as the judgment for one hundred and thirty eight dollars and twenty one cents, which the plaintiff alleges that he recovered in an action of ejectment against the said Nicholas Sprouse and Louisana Sprouse for costs in said suit, while said judgment may be good against said Nicholas Sprouse, the authorities I have had access to lead me to a different conclusion as to the judgment against said Louisana Sprouse.

Black, Judgm. § 191, says: "In Alabama the judgment must specify the property to be bound. 'A general judgment, or a judgment which pretermits the ascertainment of the estate of the wife condemned to its satisfaction, can not be rendered. * * * There can be no personal judgment against the wife; the only judgment that can be rendered is a judgment *in rem*—a judgment of condemnation of the statutory estate described in the complaint. (*Lee* v. *Ryall*, 68 Ala. 354.) * * * And, in an action against a married woman to dispossess her of lands, no personal judgment either for damages or costs, can be rendered against her."

So in the case of *Steed* v. *Knowles*, 84 Ala. 205, 3 South. 897, it was held that in an action against husband and wife to recover an undivided half interest in a tract of land claimed by the wife as belonging to her statutory estate, verdict being rendered for the plaintiff, it is proper to enter judgment of ouster against the wife, as well as the husband; but no judgment can be rendered against her or her property for either damages or costs."

And in the case of *Johnson's Adm'r* v. *Ward*, 82 Ala. 486, 2 South. 524, it was held that, "while the notes and mortgages of a husband and wife given for the purchase-money of property belonging to the wife's statutory estate bind the property, they impose no obligation on her personalty, and do not bind any other property belonging to her; and it is erroneous to render a personal decree against her under a bill to foreclose the mortgage."

This Court, in the case of *White* v. *Manufacturing Co.*, 29 W. Va. 385 (1 S. E. Rep. 572) has held that a judgment rendered by a court of common law against a married woman, either in her own name or in the name of a company under which she does business, upon a contract made during her coverture, is absolutely void; and an execution or suggestion sued out upon such judgment is invalid and ineffectual for any purpose.

Now, while it is true that the judgment obtained against Louisana Sprouse, and which is sought to be enforced in this case, was not a judgment on any contract made by said Louisana Sprouse, who was a married woman, living

with her husband, yet it was a judgment rendered in a court of law against a married woman; and, while we hold (as was decided in this Court in the case of *Peck* v. *Marling's Adm'r*, 22 W. Va. 708) that such suit might be maintained against a married woman living separate from her husband, yet such suit can not be maintained, or a valid judgment be maintained in a suit at law, against a married woman who is living with her husband.

My conclusion therefore is, that the court erred in overruling the defendant's demurrer and for that reason the decree complained of must be reversed, and the cause remanded for further proceedings to be had therein with costs to the appellant.

---

BRANNON, PRESIDENT (*dissenting*):

I can not concur in the unqualified conclusion of Judge ENGLISH that all judgments at law against a married woman are void. I think judgments for tort are valid and bind her estate, as if she were unmarried. I refer to the views on the subject of her liability and that of her estate for torts in the opinion in the case of *Gill* v. *State*, *supra* p. 480 (20 S. E. Rep. 568) and to the note at its close. A look at the cases in this Court holding void judgments against married women will show that they are carefully confined to judgments on contracts. The reason why the judgment is void if rendered on a contract is that the married woman has no capacity to contract except in the view of equity and there only as to the thing, her separate estate, and can not be sued at law on a contract. She is, however, liable to be sued at law for tort, because marriage does not disable her from committing a tort except in cases, where the act is chargeable to her husband's coercion. The validity of the judgment against her therefore depends on the question whether she was competent to incur the liability. Competency or incompetency is the test. 14 Am. & Eng. Enc. Law 661. Then, how is it as to judgment for costs in litigation? She can lawfully be a party to litigation, since the adoption of the Code, c. 66, s. 14, has allowed her to sue and be sued

in her own name, where the suit concerns her separate property and some other cases. It would seem, that a judgment for costs in those cases ought to bind her estate. If she were to sue for one horse or tract of land and fail, would not a judgment for costs be leviable out of another horse or tract of her estate? It would since chapter 109, Acts 1891 (Code 1891, c. 66, s. 15) as it provides that in any action at law prosecuted by her, in which she fails to recover, judgment may go against her for costs and be enforced as if she were sole. The said section of the Code goes no further to render her estate liable to costs than as to cases in which she is plaintiff, not where she is defendant; and, as I now think, it touches only those suits brought in her name alone in those cases, in which the section allows her to sue alone. It was passed to enable her to sue alone in certain cases, which she could not do before. It does not touch cases where she can sue with her husband; at least it does not touch other cases of joint suit than those mentioned in the section.

The judgment involved ·here is for costs not in a suit concerning her separate property prosecuted by her and does not fall under the statute, but is an action of ejectment against her and her husband. I confess I do not entertain a decided opinion as to whether it binds her separate estate. Ejectment is an action not *ex contractu* and must therefore be classified as *ex delicto*—an action of trespass for the tort of unlawful entry or claim; and on the principle, that a judgment for tort binds the wife's separate estate, this judgment would seem to bind it. The Illinois court, in *Musgrave* v. *Musgrave*, 54 Ill. 186, held a wife's separate estate liable to a judgment for costs in an unsuccessful suit by her for separate maintenance; and the opinion is expressed in Wells, Mar. Wom. § 621, that such is doubtless the rule in all other cases, where she fails to maintain her suit.