# CHARLESTON.

Thorn v. Sprouse *et al.*

Submitted September 17, 1898—Decided April 1, 1899.

1. Statute of Limitations—*Husband and Wife—Deed—Creditor's Suit.*
    Where a deed from a husband to his wife is attacked as voluntary, and for that cause only, by a bill in equity by a judgment creditor, such suit must be brought within five years after the deed was executed and delivered. (p. 232)

2. Creditor's Suit—*Husband and Wife—Error.*
    Where a petition is filed in said cause by a judgment creditor of the husband, whose judgment is subsequent to said conveyance, and no process is issued upon said petition, and the party

15

holding the title to the lands sought to be subjected by said pe-
tition does not answer the same, it is error to subject the land to
the lien of such judgment in said suit.   (p. 231).

Appeal from Circuit Court, Wirt County.

Suit by Z. E. Thorn against N. Sprouse and others.
Decree for plaintiff, and defendant N. Sprouse appeals.

*Reversed in part and Affirmed in part.*

T. A. BROWN, for appellant.

WILLIAM BEARD, for appellee.

ENGLISH, JUDGE:

This suit in equity was instituted in the circuit court of
Wirt County by Z. E. Thorn against Nicholas Sprouse, to
March rules, 1891; having for its object the enforcement
of a vendor's lien reserved on the face of a deed from S. H.
Smith and wife to Nicholas Sprouse, dated May 19, 1877,
to secure a balance of purchase money, and to set aside as
fraudulent a certain deed made by said Sprouse and wife
to one Susan R. Dalrymple, and also a deed from Susan
R. Dalrymple to Louisiana Sprouse, wife of Nicholas
Sprouse, and to subject the land so conveyed to the pay-
ment of a judgment obtained by said Thorn against said
Louisana Sprouse and Nicholas Sprouse in an action of
ejectment in the circuit court of Wirt County on the 29th
of March, 1890.   Such proceedings were had in the case
that on June 25, 1893, it was ascertained that there was
due the plaintiff, Thorn, on the note for one hundred dol-
lars filed with his bill, the sum of sixteen dollars and
twenty-five cents, after allowing said Sprouse credit for a
tract of land conveyed by the defendant S. H. Smith to H.
B. Hylbert prior to the conveyance by the defendant
Smith to the defendant Sprouse of the tract of one hun-
dred and thirty-five acres in the bill mentioned, including
principal and interest up to May 2, 1893, after deducting
all credit to which said Sprouse was entitled, and held
said sum to be a lien upon said land, and also decreed that
plaintiff had a lien on said land for the sum of one hundred
and thirty-eight dollars and twenty-one cents, being the
amount of a judgment for costs in an action of ejectment,

and directed a sale of the land to satisfy said liens. An appeal was taken from said decree to this Court, which resulted in the same being reversed and remanded. A full statement of the case can be found in 39 W. Va., commencing on page 706 (20 S. E. 676); this Court holding that the lien for the purchase money could not be enforced where the dower right of the wife had not been properly released, unless the defendant was allowed to retain a sufficient amount of purchase money to adequately indemnify him against such contingent right of dower. After the cause was remanded to the circuit court, the plaintiff, Z. E. Thorn, filed an amended bill, reciting the proceedings had in this Court, and alleging that said S. H. Smith and Annie E. Smith, his wife, had made and acknowledged, in due form of law, a release of the contingent dower in and to said land, which was then in Sprouse's possession, and that in this manner said defective acknowledgment was cured, and the title of Nicholas Sprouse in said land was perfected, and that the plaintiff was entitled to a decree for the balance of the purchase money due by the note for one hundred dollars filed with his original bill, after deducting therefrom the credits thereon indorsed. Plaintiff further charged that the claim of defendant Louisiana Sprouse for abatement of the purchase money evidenced by said one hundred dollar note, by reason of this conveyance by the defendant S. H. Smith of a small tract of land to H. B. Hylbert, which she claims is a part of the same land conveyed to N. Sprouse by said Smith and wife by deed of May 19, 1877, was not well taken, and that said claim had no foundation in equity; that the defendants Smith and Sprouse, about the date of said deed, exchanged or traded lands; that the said N. Sprouse prior to that time was the owner of a tract of land which he conveyed to S. H. Smith as a part of the consideration for the conveyance from said S. H. Smith and wife to Nicholas Sprouse, dated May 19, 1877, for the tract of one hundred and thirty-five acres, more or less, therein conveyed; that the boundaries of said tracts were well known to the parties, and said lands were exchanged in gross, said Sprouse agreeing to pay a certain difference or boot money, being the notes mentioned in said deed from

Smith and wife to Sprouse; that the tract mentioned as being conveyed to said Hylbert was conveyed, as alleged in said answer, six years before the conveyance to Sprouse; that the same was in said Hylbert's possession, and was partly cleared and fenced by him before said exchange and conveyance, and was no part of the tract exchanged, nor of the consideration moving said transaction, and was not intended to be included in said deed, if the same is in fact included therein, as in said answer alleged; that it was mutually agreed between said defendants and Sprouse and Smith, in order to save expense of surveying the land, to describe the same as best they could from their respective deeds; that the land that had prior thereto been conveyed to said Hylbert was excluded from the conveyance by said Smith to Nicholas Sprouse, and was intended and understood to be excluded by the calls in said deed, of which Sprouse and wife had notice. And he prays that, if the court be of opinion that the description in said deed includes said Hylbert land, the same may be reformed and corrected, as having been executed by mistake, so far as it includes said small tract and that the same may be made to express the agreement between the parties thereto. The defendant Nicholas Sprouse answered said amended bill, relying on the answers to the original bill, and putting in issue the material allegations of the bill and amended bill. Defendants also alleged that they tendered twenty dollars to the plaintiff, the same being more than was due him, including interest on said one hundred dollar note executed by respondent in favor of S. H. Smith on May 19, 1877, and secured by vendor's lien, and that plaintiff refused to accept the said sum of money, and thereupon the same was deposited with the clerk of the court, with instructions to pay it to said Thorn on demand, of which fact the plaintiff was notified; and he renewed said tender with his answer. The respondent Louisiana Sprouse further says that her property should not be subjected to the payment of her husband's debts, inasmuch as they were all contracted long after she had purchased and taken a deed for said land. Which answers were replied to generally. Depositions were taken by both plaintiff and defendants, and on

the 12th of October, 1897, the cause was again heard upon the pleadings and proofs. The court held that the deeds made from Nicholas Sprouse and wife to Susan Conrad, and from Susan Conrad to Louisiana Sprouse, mentioned in the pleadings, were fraudulent in fact, and made for the purpose of hindering, delaying, and defrauding the creditors of said N. Sprouse; decreed that the same be set aside, canceled, and annulled, as fraudulent and void, so far as the claims of the plaintiff and the petitioner D. H. Leonard are affected thereby; ascertained that the deed made by S. H. Smith and wife to N. Sprouse does not, by the calls thereof, include the land conveyed to H. B. Hylbert; held that neither the defendants Louisiana Sprouse and Nicholas Sprouse, nor either of them, were entitled to an abatement of the purchase money as prayed for in their answer; ascertained the amounts due the plaintiff and petitioner Leonard; declared them a lien upon said one hundred and thirty-five acre tract; and directed a sale of same to satisfy said liens.

From this decree the defendants obtained this appeal, claiming first that "the court erred in refusing to allow a credit on the said $100 note for the small tract of land, containing four acres, conveyed by deed from S. H. Smith to N. Sprouse." This assignment of error raises a question of fact, the solution of which depends upon the testimony in the cause, which, on examination, is found to be conflicting,—so much so, indeed, that it is difficult to determine whether said four acres were or were not included within the descriptive calls of the deed from Smith to Sprouse. The circuit court, however, upon an examination of the testimony, and, as we must presume, a close acquaintance with the witness, has found that the deed made by S. H. Smith and wife to said N. Sprouse does not, by the calls thereof, include the tract of land conveyed by Smith to Hylbert, and known as the "Four-Acre-Tract." The rule in cases of this character is asserted in *Smith* v. *Yoke,* 27 W. Va. 639 (Syl., point 1), as follows: "Where the decree sought to be reversed is based upon depositions which are so conflicting, and of such doubtful and unsatisfactory character, that different minds and different judges might reasonably disagree as to the facts proved by them, or the

proper conclusion to be deduced therefrom, the appellate court will decline to reverse the finding or decree of the chancellor, although the testimony may be such that the appellate court might have pronounced a different decree, if it had acted upon the cause in the first instance,"—which ruling has been followed in *Bartlett* v. *Cleavenger*, 35 W. Va. 720, (14 S. E. 277), and *Richardson* v. *Ralphsnyder*, 40 W. Va. 15, (20 S. E. 854), and must control us in this case upon the assignment of error.

The second assignment of error claims that the court erred in directing that said deed from Smith to Sprouse should be reformed and corrected so as to exclude the small tract formerly conveyed by said Smith to Hylbert. This assignment must have been made, however, under some misapprehension, as the decree of the court, as I read it, does not direct that said deed should be reformed and corrected so as to exclude said tract, but holds that said deed, by the calls thereof, does not include said small tract of land conveyed to Hylbert.

The third assignment of error is claimed to be in decreeing that the deed from N. Sprouse to Susan Conrad, dated March 3, 1881, as also the one from Susan Conrad to petitioner, made September 6, 1882, was fraudulent in fact, and therefore null and void. If this assignment properly quoted the decree, it would be error, as said deeds would be good between the parties; but a reference to the decree shows that said deeds were held fraudulent so far as the claims of plaintiff and petitioner Leonard, as therein ascertained and decreed to them, as well as the costs therein decreed, were affected thereby. I am further of the opinion that the circumstances and badges of fraud disclosed by the evidence fully warranted the court in holding said conveyance to have been fraudulent as to the antecedent creditors of N. Sprouse. The relationship of the parties, the retention of possession of the property by the grantor, and the failure to show that the property was paid for by the wife out of her own money, all strongly support this conclusion.

Fourth, it is claimed that the court erred in not referring the cause to a commissioner, to ascertain and report the liens attaching to said real estate, together with the

order of their priority, after having held the said deeds were fraudulent in fact, and that said land was liable to the debts of Nicholas Sprouse. This was unnecessary, for the reason that the bill in this cause was filed for the purpose of assailing a fraudulent conveyance, and was successful. This Court held in *Sweeny* v. *Refining Co.*, 30 W. Va. 443, (4 S. E. 431), that "general creditors, who, by bill, answers, or petition, assail a deed of their debtor conveying land, as fraudulent, and succeed, have a lien on the land for their respective debts from the filing of such bill, answer, or petition." This, it will be seen, would enable the court to ascertain the priorities; and the court surely has the right to ascertain the amount, including interest to the date of the decree. Again, one of the objects of this bill was to enforce a vendor's lien for the purchase money, which was fixed by the face of the deed, and the only credit claimed was an abatement on account of deficiency in the quantity of the land, which the court found did not exist; and I hold there was no necessity for referring the case to a commissioner, and, in my view of the case, no reference was necessary. It is further claimed that the court erred in entering any decree in the case of the amended bill without making William Templeton a party, it appearing that he had become interested by purchasing the land in controversy. We must hold, however, that said Templeton, being a *pendent lite* purchaser, took the land, if he purchased it at all, subject to the result of the litigation then pending, and he was not a necessary party. As to the petition filed by D. H. Leonard, it appears that no process was awarded thereon, although the case was remanded to rules for that purpose. Neither does it appear that said Louisiana Sprouse filed any answer to said peittion. Nicholas Sprouse, however, did file his answer, putting in issue the allegations thereof. I therefore hold that the circuit court erred in subjecting said land to the payment of said D. H. Leonard's judgment. The court also erred in subjecting said tract of land to the payment of the judgment for costs, amounting to one hundred and thirty-eight dollars and twenty-one cents, against the defendant Sprouse, for the reason that said deed was attacked, as being voluntary, on the 10th of February, 1891, the judgment

for costs was obtained March 29, 1890, and the deed was made by Susan Conrad to Louisiana Sprouse September 6, 1882, and admitted to record on August 2, 1883; and section 14 of chapter 104 of the Code provides that "no gift, con-veyance, assignment, transfer or charge, which is not on consideration deemed valuable in law shall be avoided either in whole or in part for that cause only, unless within five years after it is made suit be brought for that purpose," etc. I therefore reverse the decree complained of, so far as it holds the deeds complained of to be fraudulent in fact, and made for the purpose of hindering, delaying, and defrauding the creditors of Nicholas Sprouse, and affirm the same so far as it holds said tract of land liable to the payment of the purchase-money note, found in the decree to be ninety-five dollars and thirty-two cents, and subjects the same to the payment thereof, with costs to the appellant.

*Reversed in part Affirmed in part.*